DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

           **Plaintiff,**

**v.**

                                                    **Case No. 08-2110-CM-DJW**

**VIDAL A. SALAZAR-CASTRO,**
**ARTURO CISNEROS,**
**LAURA RODRIGUEZ, and**
**MINERVA ALARCON,**

           **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of a Protective Order (doc. 36). Defendant Minerva Alarcon and Laura Rodriguez (collectively, the "Defendants") oppose the Motion. For the reasons set forth below, the Motion will be granted in part and denied in part.

## I.      BACKGROUND

This declaratory judgment action is brought by Plaintiff, an insurance company, seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy. This case arises from a motor vehicle crash that took place on April 8, 2007, on Kaw Drive in Wyandotte County, Kansas (the "Crash"). Defendants issued a request for production of documents to Plaintiff which includes a request for the "complete claims file maintained by Plaintiff" arising out of the Crash. Plaintiff argues that Defendants have not denied that they intend to seek production of all information from Plaintiff's claims file, which may include confidential personal and medical information of parties or nonparties. Plaintiff also argues that Defendants have notified Plaintiff that they intend to seek production of personnel records for Plaintiff's employees.

Thus, Plaintiff filed its Motion seeking a blanket protective order to protect material that constitutes trade secrets, and material that is proprietary, commercially sensitive, and important to its business competitiveness. Plaintiff also seeks to protect confidential personnel records for Plaintiff's employees, as well as sensitive personal and medical information of defendants and nonparties contained in Plaintiff's records.

## II.   STANDARD

Under Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense . . . ."[1] This broad scope of discovery may be limited by court order under Fed. R. Civ. P. 26(c), which allows a party to seek a protective order. "The court may, for good cause, issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way."[2] Plaintiff, as the party seeking the protective order, has the burden to show good cause for entry of the protective order.[3] To establish good cause, Plaintiff must provide the court with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[4] In addition, Plaintiff is required to confer in good faith with the other

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] Fed. R. Civ. P. 26(c)(1).

[3] *See Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000) (citation omitted).

[4] *Id.* at 652 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

2

parties in the case in an effort to resolve the dispute before filing a motion with the court.[5]  The decision to enter a protective order lies within the sound discretion of the court.[6]

## III.   ANALYSIS

As an initial matter, the Court finds that Plaintiff did confer with Defendants in good faith in an attempt to reach an agreement on the entry of a protective order.  The Court therefore will consider the Motion on its merits.

Plaintiff argues that its electronic claims dairy data and system are proprietary, commercially sensitive, important to its business competitiveness, and constitute trade secrets.  Plaintiff argues that a protective order is needed to protect its sensitive and proprietary information and computer-based business methods because without a protective order, there is a significant risk that Plaintiff's proprietary and competitive data could become available to persons outside this case, including Plaintiff's competitors in the insurance industry.  According to Plaintiff, this information could reveal its proprietary procedures for adjusting its claims, which, if disseminated to Plaintiff's competitors, could result in an irreparable harm to Plaintiff.  Plaintiff claims that this information is not open or disseminated to Plaintiff's competitors in the insurance industry and Plaintiff vigilantly guards such information and data for business purposes.

Plaintiff also argues that personnel records of Plaintiff's employees should be protected by a protective order.  Plaintiff states that Defendants have notified Plaintiff that they intend to seek production of Plaintiff's employee's personnel records without any limit as to medical or financial

---

[5] *See* Fed. R. Civ. P. 26(c)(1).

[6] *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

information.   Plaintiff argues that its employee's personnel records must be protected against improper dissemination because these records contain private and confidential information.

In addition, Plaintiff argues that its records related to Defendants' insurance claims contain or may soon contain sensitive personal and medical information of Defendants and nonparties, including minors.   Plaintiff seeks a protective order to protect this sensitive personal and medical information.

The Court has considered the Motion, all relevant pleadings, and the relevant law on this issue, and is persuaded by Plaintiff's arguments that good cause exists to enter a protective order to protect certain proprietary and commercially sensitive information, employee personnel records, and the sensitive personal and medical information located in Plaintiff's files.  The Court, however, finds that portions of Plaintiff's proposed protective order must be revised to comply with the Court's guidelines on protective orders.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of a Protective Order (doc. 36) is granted in part and denied in part.   The Court will revise the proposed protective order submitted by Plaintiff so that the protective order complies with the Court's guidelines on protective orders.   The protective order will then be entered as a separate order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 21st day of January 2009

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties.

4