DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Plaintiff,

v.

                                                 Case No. 08-2110-CM-DJW

VIDAL A. SALAZAR-CASTRO,
ARTURO CISNEROS,
LAURA RODRIGUEZ, and
MINERVA ALARCON,

                Defendants.

### MEMORANDUM AND ORDER

       Pending before the Court is Plaintiff's Motion for Protective Order and to Quash Notice of Deposition of Vidal A. Salazar-Castro (doc. 61). Defendants Minerva Alarcon and Laura Rodriguez (collectively, the "Defendants") oppose Plaintiff's Motion. Also before the Court is the oral Motion of Defendants for an extension of time to file any motion to compel in connection with Plaintiff's responses and objections to Defendants' Request for Production of Documents and Opening Interrogatories made during the January 21, 2009 telephone hearing before Magistrate Judge David J. Waxse. For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part, and Defendants' Motion for an extension of time will be granted.

## I.      BACKGROUND

       This declaratory judgment action is brought by Plaintiff, an insurance company, seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy. This case arises from a motor vehicle crash that took place on April 8, 2007, on Kaw Drive in Wyandotte County, Kansas (the "Crash"). Defendants noticed the deposition of defaulting Defendant Vidal A.

Salazar-Castro to take place on January 23, 2009.  It appears that Defendant Vidal A. Salazar-Castro is currently being held in the Johnson County jail.

Plaintiff seeks a protective order against the deposition of Defendant Vidal A. Salazar-Castro going forward on January 23, 2009, and asks the Court to quash the Notice of the deposition of Defendant Vidal A. Salazar-Castro for January 23, 2009.  During the request of counsel, the Court held a hearing on Plaintiff's Motion on January 21, 2009.  At the hearing, counsel for Defendants asked for additional time to file any motion to compel in connection with Plaintiff's responses and objections to Defendants' Request for Production of Documents and Opening Interrogatories.

## II.    STANDARD

Under Fed. R. Civ. P. 30(a)(2)(B), a party seeking to depose a deponent "confined in prison" must first obtain leave of court.  The Court's Deposition Guidelines provide the following instruction to a party seeking to schedule a deposition: "Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places."[1]

Once the deposition of a party has been scheduled, under Fed. R. Civ. P. 26(c), a party may move for entry of a protective order and "[t]he court may, for good cause, issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] specifying terms, including time and place, for the disclosure or discovery."[2]  Plaintiff, as the party seeking the protective order,

---

[1] Deposition Guidelines, ¶ 3 (found at http://www.ksd.uscourts.gov/).

[2] Fed. R. Civ. P. 26(c)(1).

has the burden to show good cause for entry of the protective order.[3]  To establish good cause, Plaintiff must provide the court with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[4]  In addition, Plaintiff is required to confer in good faith with the other parties in the case in an effort to resolve the dispute before filing a motion with the court.[5]  The decision to enter a protective order lies within the sound discretion of the court.[6]

## III.   ANALYSIS

As an initial matter, the Court finds that Plaintiff did confer with Defendants in good faith in an attempt to resolve this dispute before filing its Motion.  The Court therefore will consider Plaintiff's Motion on its merits.

Plaintiff argues that the deposition of Defendant Vidal A. Salazar-Castro should not proceed on January 23, 2009 because, *inter alia*, (1) Defendants noticed the deposition of Defendant Vidal A. Salazar-Castro without first working with Plaintiff to identify a mutually convenient deposition date, and (2) Defendants must obtain leave from the Court under Fed. R. Civ. P. 30(a)(2)(B) to depose Defendant Vidal A. Salazar-Castro because he is being held in the Johnson County jail.

Defendants argue that the deposition should go forward as scheduled.  Defendants admit that Plaintiff's counsel was not contacted before Defendants noticed the Deposition of Defendant Vidal

---

[3] *See Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000) (citation omitted).

[4] *Id.* at 652 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[5] *See* Fed. R. Civ. P. 26(c)(1).

[6] *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

A. Salazar-Castro on January 23, 2009.  Defendants argue instead that Plaintiff's attorney never stated he was unavailable for the deposition on January 23, 2009 until the hearing held before Magistrate Judge David J. Waxse on January 21, 2009.  Defendants further argue that the deposition scheduled for January 23, 2009 is "day two" of a deposition of Defendant Vidal A. Salazar-Castro conducted in the state court action.  According to Defendants, on November 25, 2008, Defendant Vidal A. Salazar-Castro, in the presence of his attorney in the state court action, was deposed. Defendants argue that this deposition was not completed and, therefore, was continued to January 23, 2009 upon agreement of Defendant Vidal A. Salazar-Castro's counsel in the state court action. Finally, Defendants argue that because Defendant Vidal A. Salazar-Castro is in *jail*, and not in *prison*, Defendants are not required to seek leave of court to depose Defendant Vidal A. Salazar-Castro under Fed. R. Civ. P. 30(a)(2)(B).

The Court has considered the relevant pleadings, the statements of counsel made during the January 21, 2009 hearing, and the relevant law on this issue.  The Court believes that counsel for the parties should have been able to resolve this dispute by making good faith efforts to find a mutually agreement deposition date and time.  That being said, the Court finds that Defendants failed to properly consult with Plaintiff's counsel before scheduling the deposition of Defendant Vidal A. Salazar-Castro for January 23, 2009.  In addition, the Court finds that although it is not clear what the use of the term "prison" means in Fed. R. Civ. P. 30(a)(2)(B), it is clear that Defendant Vidal A. Salazar-Castro's incarceration requires Defendants to obtain leave of court before deposing Defendant Vidal A. Salazar-Castro.  The Court concludes that such leave should be granted if Defendants can provide the Court with proof that Defendants have approved the

deposition of Defendant Vidal A. Salazar-Castro with the facility where he is currently being held.

The Court will therefore grant in part Plaintiff's Motion and require Defendants to consult and confer in good faith with Plaintiff's counsel in an effort to schedule the deposition of Defendant Vidal A. Salazar-Castro at a mutually agreeable time and place. If, after making such good faith efforts to schedule the deposition at a mutually agreeable time and place, the parties are unable to reach an agreement on the time and place of the deposition of Defendant Vidal A. Salazar-Castro by January 28, 2009, Defendants may pick a time and place for the deposition. The deposition will not go forward on January 23, 2009 unless the parties agree to conduct the deposition on that date.

Defendants shall have until January 30, 2009 to submit to the Court a proposed Order Allowing Deposition, which contains (1) the agreement between the parties and the facility where Defendant Vidal A. Salazar-Castro is being held regarding the deposition, (2) a description of the parties' efforts to schedule the deposition at a mutually agreeable time and place, (3) a statement as to whether the parties were able to reach such an agreement, and (4) the time and place of the deposition of Defendant Vidal A. Salazar-Castro.

The Court further finds that Defendants' oral Motion for an extension of time to file any motion to compel in connection with Plaintiff's objections and responses to its discovery should be granted. Within seven days of Plaintiff's production of documents to Defendants, Defendants shall file any necessary motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order and to Quash Notice of Deposition of Vidal A. Salazar-Castro (doc. 61) is granted in part and denied in part.

5

Defendants shall consult and confer in good faith with Plaintiff's counsel in an effort to schedule the deposition of Defendant Vidal A. Salazar-Castro at a mutually agreeable time and place.  If, after making such good faith efforts to schedule the deposition at a mutually agreeable time and place, the parties are unable to reach an agreement **by January 28, 2009** on the time and place of the deposition of Defendant Vidal A. Salazar-Castro, Defendants may pick a time and place for the deposition.  Defendants shall have until **January 30, 2009** to submit to the Court a proposed Order Allowing Deposition, which contains (1) the agreement between the parties and the facility where Defendant Vidal A. Salazar-Castro is being held regarding the deposition, (2) a description of the parties' efforts to schedule the deposition at a mutually agreeable time and place, (3) a statement as to whether the parties were able to reach such an agreement, and (4) the time and place of the deposition of Defendant Vidal A. Salazar-Castro.

The deposition of Defendant Vidal A. Salazar-Castro will not go forward on January 23, 2009 unless the parties agree to conduct the deposition on that date.

**IT IS FURTHER ORDERED** that Defendants' oral Motion for an extension of time to file any motion to compel in connection with Plaintiff's objections and responses to Defendants' Request for Production of Documents and Opening Interrogatories is granted.  **Within seven days** of Plaintiff's production of documents to Defendants, Defendants shall file any necessary motion to compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 22nd day of January 2009

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties.