## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| | )   **CIVIL ACTION** |
| v. | ) |
| | )   Case No. 08-2110-CM |
| **VIDAL A. SALAZAR-CASTRO, ARTURO CISNEROS, LAURA RODRIGUEZ, and MINERVA ALARCON,** | )<br>)<br>)<br>) |
| | ) |
| **Defendants.** | )<br>) |

### MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company brings this action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident. The case is before the court on Plaintiff's Motion for Entry of Default Judgment Against Defendant Salazar-Castro (Doc. 30). Defendant Vidal A. Salazar-Castro, allegedly the driver of the car, did not file a responsive pleading or otherwise appear. The Clerk of the Court entered a clerk's default on September 2, 2008.

Defendants Laura Rodriguez and Minerva Alarcon filed an objection to plaintiff's motion for default judgment, arguing that *Frow v. De La Vega*, 82 U.S. 552 (1872) counsels against entering default judgment against one defendant until the matter has been adjudicated with regard to all defendants. Plaintiff responded that *Frow* does not prevent default judgment here because its application is limited to cases where joint tortfeasors may be subject to inconsistent liabilities. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985). This case does not involve joint tortfeasors; rather, plaintiff asks the court to declare that plaintiff has no obligation under the

insurance policy to pay for damages that its insured, defendant Salazar-Castro, may owe because of injury to defendants Rodriguez and/or Alarcon arising from the car accident.

The court disagrees that *Frow* is strictly limited as plaintiff contends. While this case does not involve joint liability, an entry of default judgment against the driver of the car—finding that he acted intentionally and declaring no insurance coverage—would effectively prevent the injured passengers from presenting their defense. If the court were to find that defendant Salazar-Castro acted intentionally for purposes of default judgment, but later were to find that the accident was not his fault or that he acted negligently, such findings would be inconsistent. The court determines that under the facts of this case, the rationale of *Frow* is applicable. *See Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996) (unpublished and cited only for its persuasive value pursuant to 10th Cir. R. 32.1); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2690 ("Although the rule developed in the *Frow* case applies when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses. When that is the case, entry of judgment also should await an adjudication of the liability of the nondefaulting defendants."). The non-defaulting defendants have denied many of the critical facts that plaintiff asks the court to find against the defaulting defendant, and they have closely-related defenses: defendant Salazar-Castro, the insured, has an interest in the court finding that his acts were not intentional, as do defendants Rodriguez and Alarcon, the injured parties. The court therefore determines that default judgment is not appropriate at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant Salazar-Castro (Doc. 30) is denied without prejudice.

Dated this 23rd day of January 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**