IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**VIDAL A. SALAZAR-CASTRO, ARTURO CISNEROS, LAURA RODRIGUEZ, and MINERVA ALARCON,** )<br>)<br>)<br>)<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br><br>**Case No. 08-2110-CM** |

## MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company brings this declaratory action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident. The case is before the court on defendants' Motion to Dismiss, or in the Alternative, to Stay Further Proceedings, and Memorandum in Support Thereof (Doc. 38). Defendants ask the court to dismiss or stay this case in light of a related personal injury action in Wyandotte County District Court. According to defendants, the state court tort action will decide whether the actions of defendant Salazar-Castro—the driver of the car—were negligent. Defendants contend that defendant Salazar-Castro's negligence is a key factual issue and that *State Farm Fire & Casualty Company v. Finney*, 770 P.2d 460 (Kan. 1989) prohibits this declaratory judgment action from proceeding.

This case is governed by the federal Declaratory Judgment Act. *See Burnham v. Humphery Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citation omitted) (holding that in diversity cases, federal law controls procedural issues); *Farmers Alliance Mut. Ins. Co. v. Jones*, 570

F.2d 1384, 1386 (10th Cir. 1978) (citations omitted) (holding that the Declaratory Judgment Act provides procedural remedies—not substantive rights).  "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability."  *Bd. of County Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1122 (D. Kan. 2001).   "Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic] such a forum.'"  *Id.* (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991)).  The state declaratory judgment statute does not require dismissal of a federal declaratory judgment action.  *See Jones*, 570 F.2d at 1386.  By logical extension, *Finney*, which applies the Kansas declaratory judgment statute, does not require dismissal.  *Finney* is the only support defendants offer in support of their motion.

At this time, the court must deny defendants' motion based on the arguments presented.  The court makes no finding whether a stay or dismissal of the proceedings would be appropriate under federal standards.  The court denies this motion without prejudice to defendants' right to raise arguments under *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) later, if defendants deem such arguments appropriate.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss, or in the Alternative, to Stay Further Proceedings, and Memorandum in Support Thereof (Doc. 38) is denied.

Dated this 23rd day of January 2009, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**