DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLSTATE PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> VIDAL A. SALAZAR-CASTRO, ) <br> ARTURO CISNEROS, ) <br> LAURA RODRIGUEZ, and ) <br> MINERVA ALARCON, ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION** <br><br> **Case No. 08-2110-CM-DJW** |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Discovery Responses (doc. 74) filed by Defendants Minerva Alarcon and Laura Rodriguez (collectively, "Defendants"). The Motion is fully briefed and, thus, is ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

This declaratory judgment action is brought by Plaintiff, an insurance company, seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy (the "Policy").[1] Plaintiff claims that the Policy contains the following exclusion:

> Exclusions - What is not covered
> Allstate will not pay for any damages an insured person is legally obligated to pay because of: . . . bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.[2]

---

[1] *See* Compl. for Declaratory J. (doc. 1).

[2] *Id.*, at ¶11.

This case arises from a motor vehicle crash that took place on or about April 7, 2007. According to Plaintiff, Defendant Salazar-Castro, an insured person under the Policy, operated a vehicle insured under the Policy on or about April 7, 2007, when the vehicle left the road and collided with a bridge pillar (the "Crash").[3] Plaintiff claims that Defendants were passengers in the vehicle operated by Defendant Salazar-Castro at the time of the Crash.[4] Plaintiff further claims that Defendant Salazar-Castro's "intentional or criminal acts" caused the Crash.[5] Plaintiff also claims that the injuries Defendants claim to have sustained in connection with the Crash "consist of bodily injury that might reasonably be expected to result from the intentional or criminal acts" of Defendant Salazar-Castro.[6] Defendants, on the other hand, deny that the Crash was caused by an intentional or criminal act of Defendant Salazar-Castro.[7]

Defendants served their First Request for Production of Documents on Plaintiff on November 19, 2008.[8] This dispute concerns Document Request No. 1, which seeks the complete claims file maintained by Plaintiff for any and all claims arising out of the Crash.[9]

---

[3] *See id.*, at ¶¶ 4 and 5.

[4] *See id.*, at ¶¶ 5 and 6.

[5] *See id.*, at ¶¶ 8-10, and 15-17.

[6] *Id.*, at ¶¶ 15 and 16.

[7] *See* Answer of Separate Defs. Rodriguez and Alarcon (doc. 16), at ¶¶ 15 and 16.

[8] *See* Certificate of Service (doc. 45).

[9] *See* Pl. Allstate Property and Casualty Insurance Company's Resps. to Defs. Laura Rodriguez and Minerva Alarcon's Req. for Produc. of Docs. (doc. 74-2), 2.

In its response to Document Request No. 1, Plaintiff objected[10] on the grounds that Document Request No. 1 (a) seeks information protected by the attorney-client privilege and the work product doctrine, (b) is overbroad, (c) is unduly burdensome, (d) is vague, (e) is ambiguous, (f) seeks information that is irrelevant, (g) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and (h) demands information that is already within the possession, custody, or control of Defendants.[11] However, Plaintiff failed to reassert several of these objections in its Response to Defendants' Motion to Compel Discovery Responses (doc. 81), including its objections that Document Request No. 1 is unduly burdensome, vague, ambiguous, and demands information that is already within the possession, custody, or control of Defendants.[12] Accordingly, the Court deems these objections abandoned and will only consider Plaintiff's objections that Document Request No. 1 (1) seeks information protected by the attorney-client

---

[10] The Court notes that all of Plaintiff's objections were preceded by the phrase "to the extent that." The court has previously disapproved of the practice of objecting to discovery "to the extent that" the discovery is overbroad, irrelevant, unduly burdensome, privileged, etc. *See e.g.*, *Starlight Int'l Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. Civ. A. 97-2391-GTV, 1998 WL 231135, at *1 (D. Kan. May 6, 1998) (finding such ostensible objections worthless except to delay discovery). However, the Court concludes that it need not address this issue here because, for other reasons described in detail below, the Court finds that Plaintiff's objections should be overruled.

[11] *See* Pl. Allstate Property and Casualty Insurance Company's Resps. to Defs. Laura Rodriguez and Minerva Alarcon's Req. for Produc. of Docs. (doc. 74-2), 3; *see also* Pl. Allstate Property and Casualty Insurance Company's First Supplemental Resps. to Defs. Laura Rodriguez and Minerva Alarcon's Req. for Produc. of Docs. (doc. 74-3), 3.

[12] *See* Resp. to Defs.' Mot. to Compel Disc. Resps. (doc. 81).

privilege or the work product doctrine, (2) is overbroad, and (3) seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.[13]

## II. CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[14] Therefore, before addressing the merits of Defendants' Motion, the Court must determine whether Defendants' counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[15] Under Fed. R. Civ. P. 37, the movant is

---

[13] When ruling on a motion to compel, the Court will consider only those objections that have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n. 8 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005). Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n. 8; *Cardenas*, 232 F.R.D. at 380 n. 15.

[14] D. Kan. Rule 37.2.

[15] Fed. R. Civ. P. 37(a)(1).

required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[16]

In addition, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[17] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[18]

The Court has reviewed the relevant pleadings and exhibit describing the attempts of counsel for Defendants to confer with Plaintiff's counsel before filing the Motion, including the Certificate of Consultation in Compliance with Local Rule (doc. 76). Plaintiff argues that counsel for Defendants failed to comply with D. Kan. Rule 37.2 insofar as the privilege issues are concerned. However, it is clear from Defendants' reply memorandum that Defendants are not seeking any privileged information.[19] Thus, it appears to the Court that the privilege issues are not matters in dispute that Defendants' counsel was required to discuss with Plaintiff's counsel before filing the Motion.

---

[16] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[17] D. Kan. Rule 37.2.

[18] *Id*.

[19] *See* Reply Mem. in Supp. of Defs.' Mot. to Compel Disc. Resps. (doc. 86), 2 ("Defendants . . . seek only the non-privilege portions of the liability file.").

Furthermore, the Court concludes that the communications between Defendants' counsel and Plaintiff's counsel demonstrate that Defendants' counsel made reasonable efforts to confer with Plaintiff's counsel concerning the matters in disputes before filing the Motion. Having concluded that the conferring requirements were satisfied, the Court will address the merits of the Motion.

## III.   DOCUMENT REQUEST NO. 1

The only discovery request in dispute here is Document Request No. 1, which requests the following documents: "The complete claims file maintained by Plaintiff for any and all claims made or anticipated, arising out of the accident described in Plaintiff's Complaint, including correspondence, emails, notes, reports, internal memoranda, or other records relating to the claims described in Plaintiff's Complaint."[20]

After reviewing the briefing on the Motion, it appears that Defendants are only seeking to compel Plaintiff to produce the non-privileged portions of the liability claims file.[21] Plaintiff objects to producing the liability claims file on the grounds that it is (1) irrelevant and is not calculated to lead to the discovery of admissible evidence, (2) overbroad, and (3) protected by the attorney-client privilege or the work product doctrine. The Court will analyze each of these objections in turn.

### 1.   Relevance

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[22] "Relevancy is broadly construed, and

---

[20] Pl. Allstate Property and Casualty Insurance Company's Resps. to Defs. Laura Rodriguez and Minerva Alarcon's Req. for Produc. of Docs. (doc. 74-2), 2.

[21] *See* Reply Mem. in Supp. of Defs.' Mot. to Compel Disc. Resps. (doc. 86), 2 and 4.

[22] Fed. R. Civ. P. 26(b)(1).

6

a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[23]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[24]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[25]

According to Plaintiff, the liability claims file contains information about Plaintiff's "staffing assignments, reserves, communications with counsel, medical information regarding Defendants, attorney invoices, and litigation materials from Defendants' state-court case against [Defendant] Salazar-Castro[,]"[26] as well as information on allegations of negligence arising from the Crash, including allegations that Defendant Salazar-Castro's parents negligently entrusted a vehicle to their son on the night of the Crash.[27] Defendants seek to compel Plaintiff to produce all non-privileged portions of the liability claims file. The Court finds that the relevance of all non-privileged portions

---

[23] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[24] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

[25] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan.1996)).

[26] Resp. to Defs.' Mot. to Compel Disc. Resps. (doc. 81), 2.

[27] *See id.*, at 2 and 9.

of the liability claims file is not apparent. Therefore, Defendants, as the proponents of the discovery, have the burden of demonstrating the relevance of all non-privileged portions of the liability claims file.

Defendants argue that the liability claims file is relevant because it contains information about allegations of negligence arising from the Crash. In support of this argument, Defendants state that the issue of causation is disputed in this case. Defendants claim that, in order to prevail in this case, Plaintiff will have to demonstrate that Defendant Salazar-Castro's intentional acts, as opposed to some other negligent but non-intentional act, caused the Crash. Defendants argue that one possible cause of the accident was another driver: "Defendant Salazar-Castro has testified in the pending state court action that he was rammed by someone else, causing him to lose control."[28]

Defendants also point out that Judge Murguia has already denied Plaintiff's motion for default judgment against Defendant Salazar-Castro in part because it would effectively prevent Defendants from presenting their defense that the Crash was caused by negligent acts:

> While this case does not involve joint liability, an entry of default judgment against [Defendant Salazar-Castro] the driver of the car—finding that he acted intentionally and declaring no insurance coverage—would effectively prevent [Defendants] the injured passengers from presenting their defense. If the court were to find that [D]efendant Salazar-Castro acted intentionally for purposes of default judgment, but later were to find that the accident was not his fault or that he acted negligently, such findings would be inconsistent. . . . [D]efendants have denied many of the critical facts that [P]laintiff asks the court to find against [Defendant Salazar-Castro], and they have closely-related defenses: [D]efendant Salazar-Castro, the insured, has an interest in the court finding that his acts were not intentional, as do defendants Rodriguez and Alarcon, the injured parties. The court therefore determines that default judgment is not appropriate at this time.[29]

---

[28] *Id.*, at 2 (emphasis omitted).

[29] Mem. and Order (doc. 69), 2.

8

The Court is persuaded by Defendants' arguments that the issues of whether Defendant Salazar-Castro acted intentionally and whether his intentional acts caused the Crash are disputed in this case. Consequently, the Court finds that Defendants have satisfied their burden of demonstrating the that the portion of the liability claims file concerning allegations of negligence arising from the Crash is relevant and is reasonably calculated to lead to the discovery of admissible evidence. However, the Court is not persuaded that the remaining portions of the liability claims file are relevant. Thus, the Court overrules Plaintiff's relevance objection in part and sustains the objection in part. Plaintiff will be required to produce the non-privileged portions of the liability claims file that concern allegations of negligence arising from the Crash.

### 2. Overbroad

Plaintiff objects to producing the liability claims file on the grounds that such a request is overbroad in light of the issues in this case. In support of this argument, Plaintiff claims that "the issues in [this] case are narrow[] because they concern only simple questions of whether the intentional acts exclusion applies and whether an uninsured or underinsured motorist was involved in the [C]rash."[30] Plaintiff argues that the liability claims file only contains irrelevant information and, therefore, is not within the scope of permissible discovery.

The Court is not persuaded by Plaintiff's arguments. The Court has already concluded that the portion of the liability claims file concerning allegations of negligence arising from the Crash is relevant and, therefore, should be produced. The Court also concluded that the remaining portions of the liability claims file are not relevant and, therefore, do not need to be produced by Plaintiff.

---

[30] Resp. to Defs.' Mot. to Compel Disc. Resps. (doc. 81), 11.

9

The Court therefore finds that Defendants' request for the liability claims file, as limited by the Court, is not overbroad. Accordingly, the Court overrules Plaintiff's overbreadth objection.

### 3. Privilege

Plaintiff objects to producing the liability claims file on the grounds of privilege. However, the Court need not decide the issue of privilege at this time because Defendants' reply memorandum makes it clear that Defendants do not seek privileged portions of the liability claims file: "Defendants . . . seek only the non-privilege portions of the liability [claims] file." [31]

The Court notes that Plaintiff did provide Defendant with a privilege log. However, it is not clear from the briefing on the Motion whether the privilege log identifies the documents contained in the liability claims file that Plaintiff asserts are protected by a privilege. Thus, the Court will require Plaintiff to either (a) produce a privilege log identifying those documents contained in the liability claims file that Plaintiff is withholding on the basis of privilege or (b) identify which documents on the privilege log already created by Plaintiff are contained in the liability claims file.

The privilege log should at least provide the following information about withheld documents: (1) a description of the document; (2) date the document was prepared; (3) date of the document if different from # 2; (4) who prepared the document; (5) for whom the document was prepared and to whom the document was directed; (6) purpose of preparing the document; (7) number of pages of each document withheld; and (8) basis for withholding discovery.[32]

## IV. EXPENSES

---

[31] Reply Mem. in Supp. of Defs.' Mot. to Compel Disc. Resps. (doc. 86), 2.

[32] *See Simmons Foods, Inc. v. Willis*, No. 97-4192-RDR, 2000 WL 204270, at *5 (D. Kan. Feb. 8, 2000).

Under Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel is granted in part and denied in part, as is the case here, then the court may "apportion the reasonable expenses for the motion."[33] The Court has reviewed the relevant pleadings and concludes that it is appropriate in this case to require the parties to bear their own expenses incurred in connection with the Motion.

## V. CONCLUSION

For the foregoing reasons, the Motion To Compel Discovery Responses (doc. 74) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that the Motion to Compel Discovery Responses (doc. 74) filed by Defendants Laura Rodriguez and Minerva Alarcon is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff shall produce non-privileged portions of the liability claims file concerning allegations of negligence arising from the Crash **within 20 days** of the date of the filing of this Order. Such production shall take place at the offices of Bert S. Braud or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiff shall either (a) produce a privilege log identifying those documents contained in the liability claims file that Plaintiff is withholding on the basis of privilege or (b) identify which documents on the privilege log already created by Plaintiff are contained in the liability claims file. Plaintiff's privilege log should at least provide the following information about any withheld documents: (1) a description of the document; (2) date the document was prepared; (3) date of the document if different from # 2; (4) who prepared the document; (5) for whom the document was prepared and to whom the document was directed; (6)

---

[33] Fed. R. Civ. P. 37(a)(5)(C).

purpose of preparing the document; (7) number of pages of each document withheld; and (8) basis for withholding discovery.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses incurred in connection with the Motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 3rd day of April 2009.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties.