### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**ALLSTATE PROPERTY AND**     )
**CASUALTY INSURANCE COMPANY,**  )
    )
    **Plaintiff,**     )
    )    **CIVIL ACTION**
**v.**     )
    )    **Case No. 08-2110-CM**
**VIDAL A. SALAZAR-CASTRO,**     )
**ARTURO CISNEROS, LAURA**     )
**RODRIGUEZ, and MINERVA**     )
**ALARCON,**     )
    )
    **Defendants.**     )
_____)

### MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company brings this declaratory action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident.  The case is before the court on defendants' Renewed Motion to Dismiss, or in the Alternative, to Stay Further Proceedings, and Memorandum in Support Thereof (Doc. 71).  Defendants ask the court to dismiss or stay this case in light of a related personal injury action in Wyandotte County District Court.  According to defendants, the state court tort action will decide whether the actions of defendant Salazar-Castro—the driver of the car—were negligent.

A court may decline to exercise jurisdiction to hear a declaratory judgment action.  28 U.S.C. §2201; *Sprint Corp. v. Aerotel, Ltd.*, No. 99-2547-JWL, 2000 WL 382031, at * 2 (D. Kan. Mar. 17, 2000) (*citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).  Whether to exercise jurisdiction under the Declaratory Judgment Act is within the sound discretion of the district court.  *Wilton*, 515 U.S. at 282; *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  But a district court "should not entertain a declaratory judgment action over which it has jurisdiction if the

same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).   The Tenth Circuit has set forth five factors a district court should evaluate in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)) (recognizing the factors of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), but applying the *Mhoon* factors).

The first *Mhoon* factor weighs slightly in plaintiff's favor.  This declaratory action would settle the insurance coverage issues raised in the case.  But it leaves outstanding the underlying liability issues.  Those issues are being litigated in state court.

The second *Mhoon* factor also weighs in plaintiff's favor.  The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights *prior to injury*." *Kunkel*, 866 F.2d at 1274 (emphasis added) (citing S. Rep. No. 1916, 83rd Cong., 2d Sess. 1, *reprinted in* 1954 U.S. Code Cong. & Admin. News 3389).  Courts have recognized that because an insurer has a duty to defend, as well as a duty to conduct settlement negotiations and to pay any settlement amount or judgment entered against its insured, a declaratory judgment action is appropriate to clarify legal relationships prior to final adjudication of an underlying action.  *See id.* at 1275; *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 578 (10th Cir. 1991) (expressing

-2-

discomfort with the idea that parties should have "to wait until the tort victim attempt[s] to collect his or her judgment from the insurance carrier to litigate [insurance] coverage issues").  A declaration by this court relating to the coverage issues presented will clarify the parties' legal relations and resolve uncertainty surrounding plaintiff's obligations.

Third, the court must consider whether the declaratory remedy is being used for procedural fencing.  "'In looking at whether the declaratory judgment action is being used in order to gain a procedural advantage, the court considers the timeliness of the actions at issue.'"  *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1246 (D. Kan. 2002) (quoting *Bd. of County Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1121 (D. Kan. 2001)).  Plaintiff timely filed this action in an attempt to clarify its obligations under the policy after defendants Rodriguez and Alarcon made demands, but before the parties began litigating in state court.  Despite the underlying factual issues present in both the state tort action and this action, the coverage issues brought in this action are separate from the damages and liability issues involved in the underlying lawsuit.  Nothing in the record suggests procedural fencing or a race to res judicata on plaintiff's part.  This factor is neutral.

The fourth factor—the one most significant to the court in this case—weighs in defendants' favor.  Both cases require a determination of the same key factual issues: Who was at fault and what was his state of mind?  These issues are not, as plaintiff suggests, "sham" fact issues.  In the state court action, the plaintiff seeks to show that defendant Salazar-Castro was at fault and acted with negligence, at a minimum.  Here, plaintiff seeks to demonstrate that defendant Salazar-Castro was at fault and acted intentionally.  While there is a slight difference in the way the issues are framed, this court's determination of the issues could encroach upon state jurisdiction and possibly cause friction between federal and state courts.  In state court, the parties have an opportunity to fully litigate fault and intent.  Defendant Salazar-Castro is a party there and is represented by counsel and actively

defending himself.  Here, defendant Salazar-Castro is not represented by counsel.  He has not

appeared in the case, and the court has entered default against him.  The court believes that to enter

default judgment against defendant Salazar-Castro in a case presenting factual issues that are also

being determined in state court—and in a case where defendant Salazar-Castro has actually

appeared—would cause friction between federal and state courts.

      The final factor is neutral.  The underlying lawsuit will resolve only liability and damages

issues and not insurance coverage issues.  Furthermore, plaintiff is not a party to the state tort action.

At some point, if defendant Salazar-Castro is found to be at fault in the state tort action, another suit

would be required to determine insurance coverage issues.  On the other hand, a stay of this case

until the state tort action is resolved would present a more logical, efficient treatment of the case.

The cases are on similar schedules, and the state tort action should be resolved later this year.  And if

the court proceeds with this case, it may eventually be moot if defendant Salazar-Castro is found not

at fault in the state tort action.

      "Declaratory judgment actions are particularly appropriate for situations in which insurance

companies seek a declaration of their liability."  *Bd. of County Comm'rs*, 184 F. Supp. 2d at 1122.

"Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory

Judgment] Act is to provide the insuror [sic] such a forum.'"  *Id.* (quoting *Horace Mann Ins. Co.*,

953 F.2d at 579).  But this lawsuit involves the key factual issues also before the state

court—whether defendant Salazar-Castro was at fault in the accident and his state of mind.  The

*Mhoon* court suggested that in a case where a factual dispute exists, a stay might be proper rather

than deciding the issue "in the face of ongoing state proceedings on the same subject."  *Mhoon*, 31

F.3d at 984.  Dismissal, however, is not required if "issues would remain to be decided in light of the

outcome of the state case."  *Id.*  After weighing the *Mhoon* factors and considering the applicable

Tenth Circuit standards, this court determines that it should not hear this declaratory judgment action now but should stay the proceedings pending the resolution of the underlying lawsuit.

**IT IS THEREFORE ORDERED** that defendants' Renewed Motion to Dismiss, or in the Alternative, to Stay Further Proceedings, and Memorandum in Support Thereof (Doc. 71) is denied.

Dated this 14th day of April 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**