# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALLSTATE PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
                                           )
           **Plaintiff,**             )
                                           )    **CIVIL ACTION**
v.                                              )
                                              )    **Case No. 08-2110-CM**
**VIDAL A. SALAZAR-CASTRO,**           )
**ARTURO CISNEROS, LAURA**              )
**RODRIGUEZ, and MINERVA**              )
**ALARCON,**                                 )
                                              )
           **Defendants.**        )
                                              )

## MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company brings this declaratory action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident. On April 15, 2009, this court stayed the present action pending termination of a related action in state court. The case is before the court on Plaintiff's Motion to Lift Stay (Doc. 106). The state court has not yet conducted the trial of its case. The remaining parties, however, are operating pursuant to a settlement agreement. In the state court case, Vidal Salazar-Castro has stipulated that he was negligent and at fault in causing the car crash that is the subject of both cases. The trial will only determine his percentage of fault (stipulated to be more than 50%) and the amount of damages.

In originally deciding whether to stay this case, the court evaluated the factors identified in *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The most significant consideration to the court was the potential friction between federal and state courts. The court noted that both cases required a determination of the same key factual issues: Who was at fault and what was his state of mind? The court stated:

> In the state court action, the plaintiff seeks to show that defendant Salazar-Castro was at fault and acted with negligence, at a minimum. Here, plaintiff seeks to demonstrate that defendant Salazar-Castro was at fault and acted intentionally. While there is a slight difference in the way the issues are framed, this court's determination of the issues could encroach upon state jurisdiction and possibly cause friction between federal and state courts. In state court, the parties have an opportunity to fully litigate fault and intent. Defendant Salazar-Castro is a party there and is represented by counsel and actively defending himself. Here, defendant Salazar-Castro is not represented by counsel. He has not appeared in the case, and the court has entered default against him. The court believes that to enter default judgment against defendant Salazar-Castro in a case presenting factual issues that are also being determined in state court—and in a case where defendant Salazar-Castro has actually appeared—would cause friction between federal and state courts.

(Doc. 101, at 3–4.)

This factor—friction between state and federal courts—was the only factor that the court did not find was neutral or weighed in favor of allowing plaintiff to proceed with this case.

Plaintiff now asks the court to lift the stay because there is no longer a risk of friction between state and federal courts. To the contrary, plaintiff claims, fault and state of mind are no longer at issue in the state court proceedings because the parties entered into the settlement agreement. Only percentage of fault (above 50%) and damages are at issue.

The court agrees with plaintiff. The scope and purpose of the state court trial has changed significantly since the time the court entered the order staying this case. The issues that concerned the court then are no longer present. Defendant Salazar-Castro has now admitted that the evidence in state court would establish that he was negligent and he is more than 50% at fault. The state court will no longer be examining whether defendant Salazar-Castro was at fault (only the degree of fault) or at his intent. In any event, the trial in state court is set for March 11–12, 2010, potentially limiting the impact of lifting the stay in this case. The court therefore determines that a lift of the stay is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Lift Stay (Doc. 106) is granted.

Dated this 23rd day of February 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**