# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALLSTATE PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
                                            )
        **Plaintiff,**         )
                                            )   **CIVIL ACTION**
v.                                       )
                                            )   Case No. 08-2110-CM
**VIDAL A. SALAZAR-CASTRO,** )
**ARTURO CISNEROS, LAURA** )
**RODRIGUEZ, and MINERVA** )
**ALARCON,** )
                                            )
       **Defendants.**      )
                                            )

## MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company ("plaintiff" or "Allstate") brings this declaratory action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident. Defendants Laura Rodriguez and Minerva Alarcon brought suit in state court against defendant Vidal A. Salazar-Castro and his parents, alleging that defendant and his parents were at fault in the car accident that resulted in their injuries. The court stayed this case pending the outcome of the related state court action, but lifted the stay on February 24, 2010. The state court action is now resolved. Rodriguez and Alarcon settled with Salazar-Castro's parents for the policy limits of $100,000 each. Rodriguez and Alarcon entered into a *Glenn v. Fleming*[1] settlement agreement with Salazar-Castro not to execute on any judgment entered against him in exchange for Salazar-Castro's breach of contract rights against Allstate. The state court entered judgment, finding that Salazar-Castro was negligent and 60% at fault. In the parties' settlement agreement, Salazar-Castro stipulated that the evidence would establish that he was negligent and

---

[1] 799 P.2d 79 (Kan. 1990).

more than 50% at fault. The instant case is now before the court on defendants' Motion to Dismiss Case as Moot (Doc. 119).

Defendants argue that this case is now moot because (1) plaintiff has "tacitly concede[d]" that there is coverage because it agreed to pay the policy limits on behalf of Salazar-Castro's parents; and (2) plaintiff contends that by paying Salazar-Castro's parents, plaintiff has exhausted all available coverages. According to defendants, plaintiff originally brought this case for two reasons: (1) to ask the court to declare that plaintiff need not defend Salazar-Castro in an action against him (but plaintiff did defend him); and (2) to ask the court to declare that plaintiff had no coverage for damages (but plaintiff paid the policy limits to Salazar-Castro's parents). Defendants argue that there is nothing left to decide in this case, as limited by plaintiff's original complaint.

Plaintiff contends that this case is still a live controversy because the parties dispute whether there is insurance coverage for Salazar-Castro's allegedly intentional acts. Plaintiff points out that Salazar-Castro entered into the *Glenn v. Fleming* agreement with Rodriguez and Alarcon, bargaining away his right to bring a breach of contract claim against plaintiff for failing to settle a claim for which there was coverage. Plaintiff's original complaint sought a declaration "[t]hat the Exclusion [for intentional or criminal acts] precludes liability coverage for Defendant Rodriguez, and/or Defendant Alarcon under the Policy for injuries sustained by said Defendants, or either of them, in connection with the Crash. . . ." If coverage does not exist for Salazar-Castro's actions, then a breach of contract claim would not be cognizable.

Whether this case is moot is a jurisdictional question. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.")

(citation omitted). The case must contain an actual controversy at all stages of review. *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009) (citation omitted). In instances where the court cannot grant any effectual relief to the prevailing party, the case is moot. *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001). When considering a case seeking declaratory judgment, the court "look[s] beyond the initial controversy which may have existed at one time and decide[s] whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991) (quotation marks, alterations, and citations omitted). The burden to establish mootness lies with the party who claims that a case or controversy no longer exists. *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). And that burden is heavy. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). But "[o]nce [a] . . . controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quotation marks and citation omitted).

The court determines that defendants have not met their burden of showing this case is moot. In its original complaint, plaintiff sought a declaration that the intentional or criminal acts exclusion precluded coverage for Salazar-Castro's actions. The question of coverage is at issue. If there is coverage, then plaintiff may be responsible for damages exceeding the policy limits. If there is not coverage, then Rodriguez and Alarcon may have received all the money they are due from their settlement agreements with Salazar-Castro's parents. It is inconsequential that the complaint does not seek a determination of coverage specifically in the context of a breach of contract claim. The question of coverage still bears on whether a breach of contract claim is viable. *See, e.g., Glenn*, 799 P.3d at 85 ("An insurance company may become liable for an amount in excess of its policy limits if

it fails to act in good faith and without negligence when defending and settling claims against its insured."). The scope of plaintiff's complaint is broad enough to contain justiciable issues after resolution of the state court case.

Defendants argue that plaintiff "tacitly concedes that there is coverage" and that the state court case acts as *res judicata* for purposes of finding that Salazar-Castro was negligent and 60% at fault. Defendants may ultimately be correct. Or they may be incorrect. But these determinations are for the court to make on the merits, not within its present examination of jurisdiction.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss Case as Moot (Doc. 119) is denied.

Dated this 20th day of May 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**