**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **Case No. 08-2110-CM-DJW** |
| VIDAL A. SALAZAR-CASTRO, | ) | |
| ARTURO CISNEROS, | ) | |
| LAURA RODRIGUEZ, and | ) | |
| MINERVA ALARCON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Renewed Motion to Compel Complete Discovery Responses (doc. 111). The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.     BACKGROUND

Plaintiff, an insurance company, brought this declaratory judgment action seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy (the "Policy").[1] Plaintiff claims that the Policy contains the following exclusion (the "Exclusion"):

> Exclusions - What is not covered
> Allstate will not pay for any damages an insured person is legally obligated to pay because of: . . . bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.[2]

---

[1] Compl. for Declaratory J. (doc. 1).

[2] *Id.* at ¶11.

This case arises from a motor vehicle crash that took place on or about April 7, 2007. According to Plaintiff, Defendant Salazar-Castro, an insured person under the Policy, operated a vehicle insured under the Policy on or about April 7, 2007, when the vehicle left the road and collided with a bridge pillar (the "Crash"). Plaintiff alleges that Defendants Rodriguez and Alarcon (collectively, "Defendants") were passengers in the vehicle operated by Defendant Salazar-Castro at the time of the Crash, and that Defendant Salazar-Castro's "intentional or criminal acts" caused the Crash. Plaintiff further alleges that the injuries Defendants claim to have sustained in connection with the Crash "consist of bodily injury that might reasonably be expected to result from the intentional or criminal acts" of Defendant Salazar-Castro. Thus, Plaintiff seeks, *inter alia*, a declaratory judgment from the Court "[t]hat the Exclusion precludes liability coverage for [Defendants] under the Policy for injuries sustained by said Defendants, or either of them, in connection with the Crash."[3]

Plaintiff served its First Set of Interrogatories and its First Set of Requests for Production to Defendants on January 9, 2009, via U.S. Mail.[4] Plaintiff initially moved to compel Defendants to fully and completely respond to several of the document requests and interrogatories in its first set of discovery requests on April 9, 2009. However, on April 14, 2009, District Judge Carlos Murguia entered an order staying this case pending notification by the parties that the state court action is terminated. The Court therefore denied Plaintiff's initial motion to compel without prejudice to refiling the motion within 30 days after the parties' notification to the Court that the state court

---

[3] *Id.* at Prayer for Relief, ¶ 1 C.

[4] Certificate of Service (doc. 55).

action is terminated.[5]   On February 24, 2010, District Judge Carlos Murguia entered the Memorandum and Order granting Plaintiff's motion to lift the stay of the case.  Plaintiff thus filed its renewed motion to compel on February 26, 2010.

Having reviewed the relevant pleadings, the Court concludes that Plaintiff's counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.  The Court will therefore consider the Motion on its merits.

## II.    DISCUSSION

Before the Court can address the merits of the Motion, it must first ascertain what discovery disputes were properly raised and brought before the Court for determination.  At first glance, it appears that Plaintiff is seeking to compel responses to Document Request Nos. 1-12 and answers to Interrogatory Nos. 5, 8-9, 11-14, and 17-18.  This is because Plaintiff began its Motion by quoting each of these document requests and interrogatories verbatim, purportedly in compliance with D. Kan. Rule 37.1(a).  As a side note, the Court advises Plaintiff that D. Kan. Rule 37.1(a) does not require the moving party to quote every document request or interrogatory in dispute in its motion to compel, but rather requires the motion to be accompanied by copies of the document requests and interrogatories in dispute, which Plaintiff has done.

That being said, simply quoting these document requests and interrogatories in full at the beginning of the Motion is not sufficient to raise these issues before the Court.  Rather, Plaintiff's

---

[5] Order (doc. 103).

Motion must state with particularity the grounds for the Motion, state the nature of the matter before the Court, and set forth the argument along with the statutes, rules and authorities relied upon.[6]

After reviewing Plaintiff's Motion, the Court concludes that Plaintiff failed to state with particularity the grounds for its Motion or set forth the argument relied upon with respect to Interrogatory No. 15. Indeed, Plaintiff never specifically referenced Interrogatory No. 14 in its Motion other than to quote this interrogatory at the beginning of the Motion. Plaintiff, having failed to provide any argument as to why it is entitled to an order compelling Defendants to answer Interrogatory No. 14, has not properly brought this issue before the Court. The Court therefore denies Plaintiff's Motion to compel Defendants to answer Interrogatory No. 14.

The Court further concludes that Plaintiff failed to state with particularity the grounds for its Motion or set forth the argument relied upon with respect to Document Request Nos. 1-2, 4-5, 7, 9, and 11-12. Although Plaintiff argued generally about many issues and concerns regarding Defendants' responses to its document requests, in many instances Plaintiff failed to connect these general arguments to specific document requests. The Court will not search through the Motion and the document requests in order to solve the riddle of how Plaintiff's arguments connect to each document request. Plaintiff is responsible for setting forth its own arguments clearly before the Court and stating with particularity why it is entitled to an order compelling Defendants to respond to its document requests. Thus, although Plaintiff quotes Document Request Nos. 1-12 at the beginning of its Motion, the Court has searched Plaintiff's Motion and can only find specific references to Document Request Nos. 3, 6, 8 and 10. The Court's search was not easy because the

---

[6] Fed. R. Civ. P. 7(b)(1); D. Kan. Rule 7.6(a).

portion of Plaintiff's Motion specifically dedicated to the dispute concerning the document requests does not identify a single document request by number. The few specific references that the Court was able to locate were buried in footnotes and other places in the Motion.

Furthermore, Plaintiff's general arguments that "Defendants have provided glib and blanket assertions that [Plaintiff's] requests for production are not 'relevant' or that [Plaintiff] already has responsive documents," and that "[t]he documents that Defendants are continuing to withhold are relevant and discoverable because they are sources of information relevant to the coverage issues in this action that concern the crash" fail to state with any particularity as to why Plaintiff is entitled to an order compelling Defendants to respond to Document Requests 1-12. The Court does, however, find that Plaintiff's specific references to Document Request Nos. 3, 6, 8, and 10 are sufficient to bring the dispute concerning these requests before the Court. The Court therefore denies Plaintiff's Motion to compel responses to Document Request Nos. 1-2, 4-5, 7, 9, and 11-12.

In addition, the Court notes that in its *reply* brief, Plaintiff argues that Defendants should be ordered to fully respond to Document Request Nos. 1-8 on the grounds that Defendants asserted an invalid objection, specifically, that the requested information and documents need not be produced because they are available from other sources or are already in Plaintiff's possession. However, with the exception of Document Request No. 8, this argument was never made in the Motion. Indeed, as the Court has already explained, Plaintiff never specifically mentioned Document Request Nos. 1-2, 4-5, 7, 9, and 11-12 in the Motion.

The Court is not willing to overlook the fact that Plaintiff raised this argument and identified these specific document requests for the first time in its reply brief. This Court typically does not consider issues and arguments that are raised for the first time in a reply brief, because the opposing

party does not have to the opportunity to respond to them.[7]  It would be patently unfair to Defendants for the Court to consider the arguments and factual assertions made by Plaintiff in its reply brief when Defendants have not had the opportunity to respond to them.  The Court will therefore not consider Plaintiff's argument concerning Defendants' objections to Document Request Nos. 1-7.

In sum, the Court finds that Plaintiff did not properly raise the discovery disputes concerning the following: Interrogatory No. 14 and Document Request Nos. 1-2, 4-5, 7, 9, and 11-12.  The Court will therefore only address the discovery disputes concerning the following: Interrogatory Nos. 5, 8, 9, 11, 12, 13, 17, and 18 and Document Request Nos. 3, 6, 8, and 10.

### A.    Damages and Payments Related to the Crash

Interrogatory Nos. 5, 9, and 11 seek information concerning damages claimed by Defendants and payments that Defendants have received that are related to their injuries sustained in the Crash. The parties address these interrogatories together, so the Court will address them in the same manner.

Interrogatory No. 5 reads,

State separately each category of damages, interest, costs, fees, expenses, or any other form of remuneration or compensation that you claim that [Plaintiff] owes you as a result of the Crash, and for each category, state the total amount of money you

---

[7] *See, e.g.*, *Clark v. Thomas*, No. 05-2550-JWL, 2006 WL 707702, at *2 (D. Kan. Mar. 16, 2006) (if court were to address issues and arguments raised for the first time in a reply brief, the non-moving party would be deprived of the opportunity to respond, "which is patently unfair" to the non-moving party); *Employers Reins. Corp. v. Mid-Continent Cas. Co.*, No. 01-2058-KHV, 2002 WL 1067446, at *5 (D. Kan. Apr. 18, 2002) ("The Court generally will not consider issues raised for the first time in a reply brief because the opposing party has not had an opportunity to respond."); *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 671 (D. Kan. 1991) ("In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs.").

seek. For each quantity of money stated in response to this interrogatory, describe completely the method by which the quantity was determined.[8]

Interrogatory No. 9 reads,

Identify all payments of insurance benefits, if any, that you contend Defendants were entitled to, but [Plaintiff] did not pay, and for each payment please state: (1) the category of insurance benefits to which the payment belonged; (2) the amount that you contend [Plaintiff] should have paid; (3) the date on which you contend [Plaintiff] should have made the payment; (4) to whom and on behalf of whom you contend [Plaintiff] should have made the payment; and (5) the reasons why you contend that payment of the claimed benefits is covered under the Policy and not excluded.[9]

Interrogatory No. 11 reads,

Identify all payments, benefits, and compensation of any kind that you have received from any source related to your injuries from the Crash, and state for each payment: (1) the amount of payment; (2) the source of payment; (3) the date of which the payment was received; and (4) the basis on which the payment was made, i.e., insurance contract, government benefit program, judgment, settlement, etc.[10]

Defendants objected to Interrogatory Nos. 5, 9, and 11 on the grounds that the information sought is "irrelevant and immaterial to any issues in this action for declaratory judgment, where damages sought by the defendants are not at issue. This interrogatory is further not reasonably calculated to lead to the discovery of admissible evidence."[11]

Under Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any nonprivileged

---

[8] Pl.'s First Set of Interrogs. to Defs. Rodriguez and Alarcon, attached as Ex. H to Pl.'s Renewed Mot. to Complete Disc. Resps. (doc. 111).

[9] *Id.*

[10] *Id.*

[11] Resps. to Pl.'s First Set of Interrogs. to Def. Alarcon, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111); Resps. to Pl.'s First Set of Interrogs. to Def. Rodriguez, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

matter that is relevant to any party's claim or defense . . .."[12]  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of a party."[13]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[14]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[15]

This is a declaratory judgment action by Plaintiff and Defendants are not seeking damages in this case.  Thus, the Court concludes that the relevance of the information sought through Interrogatory Nos. 5, 9, and 11, namely information concerning the damages Defendants claim to have suffered because of the Crash, is not readily apparent.  Plaintiff therefore has the burden of showing the relevance of the information.

Plaintiff argues that Interrogatory Nos. 5, 9, and 11 seek relevant information because they seek information necessary for determining coverage under the Policy.  According to Plaintiff, Interrogatory Nos. 5 and 9 seek "information about (1) what category of insurance coverage was

---

[12] Fed. R. Civ. P. 26(b)(1).

[13] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

[14] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656-57 (D. Kan. 1999) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

[15] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

triggered by the underlying crash, (2) who is owed insurance benefits if anyone, (3) how much is allegedly owed, and (4) the basis for any benefits being owed to any particular person, including Defendants, based on damages resulting from the crash."[16] In addition, Plaintiff claims that Interrogatory No. 11 seeks "information about the payments that Defendants have already received that are related to their injuries sustained in the crash."[17] Plaintiff contends that the issue of coverage is relevant because if Defendants "cannot identify a category of insurance benefits that is owed, who is owed insurance payments, a specific amount that is owed to a particular person, or the basis for the amount allegedly owed, [Plaintiff] would prevail in this action."[18] Plaintiff further contends that "[t]he absence of any of these fundamental coverage elements would compel a judicial declaration in favor of [Plaintiff]."[19]

In addition, Plaintiff argues that the "issues of Defendants' damages and the allegedly owed insurance payments are important to applying the legal standard governing [Plaintiff's] intentional and criminal acts exclusion."[20] In support of this argument, Plaintiff relies on *Thomas v. Benchmark*,[21] wherein the Supreme Court of Kansas held:

> [W]e conclude that the "intentional act" or "intentional injury" exclusion test in Kansas should be as follows:

---

[16] Pl.'s Reply in Supp. of Renewed Mot. to Compel Complete Disc. Resps. (doc. 121) at 3.

[17] *Id.*

[18] *Id.* at 4.

[19] *Id.*

[20] *Id.*

[21] 285 Kan. 918 (Kan. 2008).

> The insured must have intended both the act and to cause some kind of injury or damage. Intent to cause the injury or damage can be actual or it can be inferred from the nature of the act when the consequences are substantially certain to result from the act.[22]

Plaintiff argues that it "must receive discovery about the 'consequences' of the crash to establish Defendant Salazar-Castro's inferred intent to 'cause some kind of injury or damage.'"[23] Plaintiff claims that it must be permitted to discover the extent, nature and magnitude of Defendants' injuries, including the financial impact, in order to demonstrate that the consequences of the Crash were substantially certain to result from Defendant Salazar-Castro's conduct.

The Court has considered Plaintiff's arguments and concludes that Plaintiff has failed to meet its burden of demonstrating the relevance of the information sought through Interrogatory Nos. 5, 9, and 11. Plaintiff brought this declaratory judgment action seeking, *inter alia*, declarations from this Court that (a) Plaintiff has no obligation under the Policy to pay for any damages Defendant Salazar-Castro may be legally obligated to pay because of bodily injury to Defendants arising from the Crash and that (b) Plaintiff has no obligation under the Policy to pay Uninsured/Underinsured Motorist benefits to Defendants arising from the Crash. Defendants are not seeking damages or otherwise making any monetary claims in this action. Rather, this action was brought by Plaintiff seeking a declaration and clarification of the rights and responsibilities of Plaintiff and Defendants in this case.

Plaintiff fails to explain to the Court how the amount of damages that Defendants claim Plaintiff owes them as a result of the Crash, the payments of insurance benefits that Defendants

---

[22] *Id.* at 933.

[23] Pl.'s Reply in Supp. of Renewed Mot. to Compel Complete Disc. Resps. (doc. 121) at 5 (quoting *Thomas*, 285 Kan. at 933).

contend they are entitled to receive from Plaintiff, and the payments Defendants have already received related to their injuries from the Crash, are related to any of the claims or defenses in this case. Although Plaintiff argues that the information sought in Interrogatory Nos. 5, 9, and 11 is related to "coverage issues," Plaintiff does not expand on this argument or explain how the information is relevant to coverage issues.

Further, the Court is not persuaded by Plaintiff's argument that "Defendants' damages and the allegedly owed insurance payments are important to applying the legal standard governing [Plaintiff's] intentional and criminal acts exclusion."[24] The Court has reviewed the *Thomas* case relied upon by Plaintiff and concludes that it does not support Plaintiff's argument. The *Thomas* court concluded that the insurance company satisfied its burden to demonstrate that the intentional acts exclusion applied. In reaching this conclusion, the *Thomas* court looked to the specific facts of the case, namely that the insured driver was "driving the wrong way against traffic, failing to stop at a stop sign, and driving at 100 m.p.h. through neighborhoods."[25] The *Thomas* court concluded that "injury was substantially certain to result under these circumstances."[26] Nothing about the *Thomas* case supports Plaintiff's claims that it should be entitled to discovery concerning the specific financial impact of Defendants' injuries in order to determine whether the injuries were substantially certain to result under the circumstances. The *Thomas* court simply looked to the facts and circumstances behind the accident itself to determine whether the injury was substantially certain to result.

---

[24] *Id.* at 4.

[25] *Thomas*, 285 Kan. at 935.

[26] *Id.*

The Court therefore concludes that Plaintiff failed to satisfy its burden of demonstrating the relevance of the information sought through Interrogatory Nos. 5,[27] 9, and 11 and, thus, sustains Defendants' relevant objections to these interrogatories.

**B.      Communications Between and By Defendants Salazar-Castro, Rodriguez, and Alarcon**

Interrogatory Nos. 8 and 12 seek information regarding communications between and by Defendants Salazar-Castro, Rodriguez and Alarcon.  Interrogatory No. 8 asks Defendants to "[i]dentify all oral or written communications between you or your representative(s), on the one hand, and Vidal A. Salazar-Castro, or his family members, or representative(s) of Salazar-Castro or of his family members, on the other hand, relating in any way to the Crash or to this lawsuit."[28] Defendants each objected to Interrogatory No. 8 on the grounds that it "calls for information that may be protected by the work-product doctrine."[29]  However, Defendants then went on to state, "Without waiving that objection, there have been no communications except for any privileged oral communications by one of my attorneys or a representative of his or her office before Vidal A. Salazar-Castro was represented."[30]  In addition, Defendant Rodriguez later supplemented her answer

_____

[27] Having concluded that the information sought through Interrogatory No. 5 is not relevant, the Court need not examine any of Plaintiff's other arguments as to why Defendants should be required to respond to Interrogatory No. 5.

[28] Pl.'s First Set of Interrogs. to Defs. Rodriguez and Alarcon, attached as Ex. H. to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[29] Resps. to Pl.'s First Set of Interrogs. to Def. Alarcon, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111); Resps. to Pl.'s First Set of Interrogs. to Def. Rodriguez,  attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[30] Resps. to Pl.'s First Set of Interrogs. to Def. Alarcon, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111); Resps. to Pl.'s First Set of Interrogs. to Def.
(continued...)

in Interrogatory No. 8, stating that she and Defendant Salazar-Castro were dating at the time of the Crash and that they have a child together.[31]  Defendant Rodriguez further claimed that although it was possible that she had conversations with Defendant Salazar-Castro about the Crash, she does not "recall any such conversations."[32]

Interrogatory No. 12 states:

> Describe in detail every conversation that you have had with any person regarding the Crash, by stating the exact content of each such conversation, whether the conversation was in person, via telephone or via some other means, the date of which the conversation occurred, the full name and address of each person to whom you spoke, and the full names and addresses of all persons who witnessed or have personal knowledge of each such conversation.[33]

Defendants each objected to Interrogatory No. 12 on the grounds that it seeks information protected by the work-product doctrine.  Defendants then went on to state,

> Without waiving this objection, the transcript of the Preliminary Hearing of October 4, 2007 in the Wyandotte County District Court criminal proceeding entitled **State of Kansas v. Vidal Salazar-Castro**, Case No. 2007 CR 571 includes my testimony therein and [Plaintiff] already has this document or it will be provided to them upon request.  I have had numerous conversations with my attorneys, which are privileged, my mother, possibly with medical providers as may be reflected in the medical records, and perhaps others but I cannot recall the details of a specific conversation or conversations.[34]

---

[30](...continued)
Rodriguez,  attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[31] Supplemental Resps. to Pl.'s First Set of Interrogs. to Def. Rodriguez, attached as Ex. C. to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[32] *Id.*

[33] Pl.'s First Set of Interrogs. to Defs. Rodriguez and Alarcon, attached as Ex. H to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[34] Resps. to Pl.'s First Set of Interrogs. to Def. Alarcon, attached as Ex. A to Pl.'s Renewed
(continued...)

The Court will first address Defendants' work-product objection to Interrogatory Nos. 8 and 12.

Rule 26(b)(3) governs work product or trial preparation materials. More specifically, it provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . .."[35] Although, generally speaking, "the work product doctrine protects only documents and tangible items,"[36] the doctrine "also provides . . . protection for an attorney's mental impressions and conclusions, which is not limited to documents and tangible things that are protected under Fed. R. Civ. P. 26(b)(3)."[37] Accordingly, this Court has held that unless an interrogatory (1) specifically inquires into an attorney's mental impressions, conclusions, or legal theories, or (2) asks for the content of a document protectable as work product, it is inappropriate to raise a work product objection to the interrogatory.[38] The Court has also held that the work product doctrine does not prevent inquiry into discussions between the individual defendants.[39]

Applying these rules, the Court turns to Interrogatory Nos. 8 and 12. Plaintiff argues that Defendants' objections based on the work-product doctrine are inappropriate and lack foundation

---

[34](...continued)
Mot. to Compel Complete Disc. Resps. (doc. 111); Resps. to Pl.'s First Set of Interrogs. to Def. Rodriguez, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[35] Fed. R. Civ. P. 26(b)(3)(A).

[36] *Beach v. City of Olathe*, No. Civ. A. 99-2210-GTV, 2000 WL 960808, at *11 (D. Kan. July 6, 2000).

[37] *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 645 (D. Kan. 1999) (citations and quotations omitted).

[38] *Beach*, 2000 WL 090808, at *11; *Starlight*, 186 F.R.D. at 645.

[39] *Starlight*, 186 F.R.D. at 645.

in any law. Plaintiff claims that Defendants have not explained how it is possible for conversations between Defendants' counsel and Defendant Salazar-Castro or between Defendants themselves are protected by the work-product doctrine. Plaintiff also argues that Defendants have waived all privileges that they could have asserted because they neglected to serve any privilege log.

Defendants do not directly address Plaintiff's arguments concerning the work-product doctrine. In fact, it appears that Defendants' only argument as to the work-product doctrine is as follows: "In response to Interrogatory No. 8, Defendants responded that there were no communications between the parties, and that there were privileged communications between counsel for Rodriguez and Alarcon and Salazar-Castro."[40]

Having reviewed Interrogatory Nos. 8 and 12, the Court concludes that these interrogatories do not specifically require Defendants to disclose their attorneys' mental impressions, strategies or legal conclusions. The Court further concludes that Defendants have failed to explain how conversations between co-defendants are protected by the work-product doctrine. However, the Court notes that Interrogatory No. 8 does appear to inquire into the substance of conversations between Defendants' counsel and Defendant Salazar-Castro, which *may* seek information protected by the work-product doctrine. The Court also notes that Interrogatory No. 12 appears to inquire into the substance of conversations that Defendants have had with "any person" about the Crash, which would include Defendants' counsel, and therefore such communications *may* be protected by the work-product doctrine. Thus, the Court must examine the necessity of a privilege log and the potential waiver of privilege.

---

[40] Mem. in Opp'n to Pl.'s Mot. to Compel Disc. Resps. (doc. 114) at 5.

Under Fed. R. Civ. P. 26(b)(5)(A), a party withholding otherwise discoverable information on the grounds that it is privileged is required to expressly make the claim of privilege and describe the nature of the communications not disclosed in a manner that, without revealing the privileged information, allows the other party to assess the claim of privilege.[41] This information is typically provided in a privilege log "and must be sufficiently detailed to enable the requesting party, and, if necessary, the court, to evaluate the applicability of the claimed privilege or protection and to determine whether each element of the asserted privilege or protection is satisfied."[42] The party asserting the privilege has the burden of making a clear showing that the privilege applies.[43] Failure to provide a privilege log may result in waiver of the work-product doctrine.[44]

As mentioned above, Plaintiff argues that Defendants have waived any privilege that they could assert because they failed to produce a privilege log. Defendants make no mention of a privilege log in their response to Plaintiff's Motion. Further, Defendants' answers to Interrogatory Nos. 8 and 12 fail to give sufficiently detailed information to enable Plaintiff, or the Court, to evaluate the applicability of the work-product doctrine. Because Defendants had ample opportunity to provide such a privilege log and have failed to do so, the Court finds that Defendants have waived

---

[41] Fed. R. Civ. P. 26(b)(5)(A).

[42] *White v. Graceland Coll. Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, 586 F.Supp.2d 1250, 1268 (D. Kan. 2008); *Williams v. Sprint/United Mgmt. Co.*, 245 F.R.D. 660, 667 (D. Kan. 2007); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000).

[43] *White*, 586 F.Supp.2d at 1267-68; *Williams*, 245 F.R.D. at 667.

[44] *White*, 586 F.Supp.2d at 1266; *Sprint Commc'ns Co., L.P. v. Vonnage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007) (citing 8 Charles A. Wright, Federal Practice and Procedure § 2016. 1, at 228-29 (2d ed.1994)).

the work-product doctrine objection to Interrogatory Nos. 8 and 12. The Court therefore overrules Defendants' work-product doctrine objection to Interrogatory Nos. 8 and 12.

In their response brief, Defendants also object to Interrogatory Nos. 8 and 12 on the grounds that Plaintiff could or should have obtained the information sought through Interrogatory Nos. 8 and 12 from other sources. According to Defendants, Plaintiff "took a day-long deposition of Defendant Salazar-Castro and had every opportunity to inquire as to conversations he had with the Defendants."[45] Defendants also claim that they "testified in the preliminary hearing of the criminal matter, and their recollections of the events were explored at that time."[46] Defendants further claim that they have provided all information reasonably available to them in response to Interrogatory Nos. 8 and 12 and that if they do not have the information, then they cannot provide the information.

However, Defendants never raised this objection to Interrogatory Nos. 8 or 12 when they initially answered these interrogatories. The Court finds that Defendants waived this objection because they failed to timely raise it in their initial answers to Interrogatory Nos. 8 and 12 and they have not established good cause to excuse this failure.[47]

---

[45] Mem. in Opp'n to Pl.'s Mot. to Compel Disc. Resps. (doc. 114) at 5.

[46] *Id.*

[47] It is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause to excuse its failure to timely object. *See, e.g., Lipari v. U.S. Bancorp., N.A.*, No. 07-2146-CM, 2008 WL 2704473, at *1 n. 2 (D. Kan. July 8, 2008) (objections to requests for production waived when not asserted in a timely response to the requests); *Brackens v. Shield*, No. 06-2405-JWL, 2007 WL 2122428, at *1 n.3 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan.1999) ("[The Court] deems objections not initially raised as waived . . .. The waiver or abandonment of objections also precludes their later assertion in a supplemental response.").

In sum, the Court concludes that Defendants waived their work-product doctrine objection to Interrogatory Nos. 8 and 12 and finds that Defendants have waived any objection that they need not fully answer Interrogatory Nos. 8 and 12 because Plaintiff can get this information elsewhere. The Court therefore orders Defendants to fully and completely answer Interrogatory Nos. 8 and 12, without objection.

### C. Defendants' Health Care Providers

Interrogatory No. 13 states, "Identify all health care providers or health care professionals, including, but not limited to doctors, therapists, counselors, psychologists, psychiatrists, or social workers, who have examined, diagnosed, or treated you within the last ten years before the Crash, and in every year since the Crash."[48] Defendants each objected to Interrogatory No. 13 on the grounds that the information sought is irrelevant. After asserting a relevance objection, each Defendant answered:

> As to before the Crash, I recall receiving immunizations or vaccinations at Clinica del Isste, in Carmargo, Chihuahua, Mexico. I moved to the US in 2002 and have not been to any medical provider since that I can recall except for an immunization of some type about 6 years ago at Bethany Medical Center's clinic in Kansas City, Kansas.[49]

The Court has reviewed Interrogatory No. 13 and concludes that the relevance of the information sought in Interrogatory No. 13 is not readily apparent. It is not at all clear why the identity of Defendants' health care providers who have examined or treated Defendants within the

---

[48] Pl.'s First Set of Interrogs. to Defs. Rodriguez and Alarcon (doc. 111), attached as Ex. H to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[49] Resps. to Pl.'s First Set of Interrogs. to Def. Alarcon, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111); Resps. to Pl.'s First Set of Interrogs. to Def. Rodriguez, attached as Ex. A to Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

last ten years before the Crash and every year since the Crash, is relevant to the claims and defenses in this declaratory judgment action. Thus, Plaintiff has the burden of demonstrating that Interrogatory No. 13 seeks relevant information.[50]

Plaintiff argues that the information sought in Interrogatory No. 13 is relevant because "it is likely that Defendants explained what occurred in the crash to some medical providers shortly after the crash. Those statements to medical providers, if any, about the crash are relevant and discoverable."[51] Plaintiff further argues that it "is entitled to verify that Defendants have not selectively and incompletely disclosed medical providers whose records support their case, while potentially concealing the identities of medical providers with information helpful to [Plaintiff]."[52] In addition, Plaintiff takes issue with the fact that Defendants provided identical answers to Interrogatory No. 13. Plaintiff also claims that Defendants' answers are "demonstrably false" because it is undisputed that Defendants received medical treatment after the Crash.

Defendants argue that the information sought by Plaintiff is not relevant. According to Defendants, they have provided answers to Plaintiff's interrogatories up to the point of relevance, but they object to providing responses beyond that point. With respect to Interrogatory No. 13 in particular, Defendants claim that Plaintiff now has a complete set of both Defendants' medical records and thus Plaintiff has had an opportunity to review these records, and "there is nothing in

---

[50] *Etienne*, 185 F.R.D. at 657 (citing *Pulsecard*, 168 F.R.D. at 309).

[51] Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111) at 13.

[52] *Id.* at 13-14.

the records that would be relevant to [Plaintiff's] inquiries, and Defendants stand by their objections and responses."[53]

Having considered the parties' statements and arguments concerning the information sought through Interrogatory No. 13, the Court concludes that the identity of Defendants' health care providers who treated and diagnosed Defendants the last ten years before the Crash is not relevant to the claims and defenses in this case. As the Court has already discussed, this is a declaratory judgment action by Plaintiff and Defendants' medical information does not appear to be relevant to any of the claims and defenses in this case. This includes the identity of Defendants' health care providers before the Crash. The Court therefore sustains Defendants' relevance objection to this portion of Interrogatory No. 13.

As to the identity of Defendants' health care providers after the Crash, it appears to the Court that Plaintiff has articulated the relevance of this information. It is not clear from Defendants' response to the Motion whether Defendants have already provided this information to Plaintiff by virtue of having provided Plaintiff with a complete set of medical records for both Defendants. The Court therefore overrules Defendants' relevance objection to this portion of Interrogatory No. 13 and orders Defendants to answer the portion of Interrogatory No. 13 seeking the identity of their health care providers after the Crash. Defendants shall not provide identical answers to Interrogatory No. 13 unless, of course, they in fact have had the same exact health care providers since the Crash.

D.      Requested Information and Documents Are Available From Other Sources

---

[53] Mem. in Opp'n to Pl.'s Mot. to Compel Disc. Resps. (doc. 114) at 5.

Plaintiff argues that Defendants should be ordered to fully answer and respond to Interrogatory Nos. 5, 8, 9, 12, and 13 and Document Request No. 8 on the grounds that Defendants asserted an invalid objection, specifically, that the requested information and documents need not be produced because they are available from other sources or are already in Plaintiff's possession. The Court assumes Plaintiff is relying upon Fed. R. Civ. P. 26(b)(2)(C), which provides, in pertinent part, that the court must limit the frequency or extent of discovery otherwise allowed if the court determines that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."[54]

The Court will examine the interrogatories first. Because the Court has already concluded that the information sought in Interrogatory Nos. 5 and 9 is not relevant, the Court need not address Plaintiff's additional arguments concerning these interrogatories again here. In addition, the Court has already examined this argument with respect to Interrogatory Nos. 8 and 12 and ruled that Defendants did not timely raise this objection and therefore waived the objection. As for the remaining interrogatory, Interrogatory No. 13, the Court has reviewed Defendants' answers to this Interrogatory No. 13 and finds no such objection. The Court therefore need not examine this issue with respect to Interrogatory No. 13. The Court therefore need not examine this argument with respect to any of the interrogatories and thus turns to Document Request No. 8.

Document Request No. 8 to both Defendants reads:

Produce all documents that relate, in any way, to the civil action styled *Alarcon, et al. v. Salazar, et al.*, Wyandotte County District Court, State of Kansas, No. 08CV1892, including but not limited to petitions, pleadings, deposition transcripts, expert reports, discovery requests and responses, documents produced by any party,

---

[54] Fed. R. Civ. P. 26(b)(3)(C)(i).

agreements, settlements, dismissals, compromise of claims, and any other docu-ments(s).[55]

In response to Document Request No. 8, both Defendants stated: "Any responsive documents are already in the possession and control of defendant."[56]  As an initial matter, the Court notes that it appears that Defendants intended to state that the responsive documents were in the possession and control of Plaintiff, not "defendant," and it seems that Plaintiff reached the same conclusion.  Indeed, in its Motion, Plaintiff argues, "Defendants are withholding documents on the improper basis that [Plaintiff] has retained counsel for its insured in the state-court action and thus those materials are supposedly already in [Plaintiff's] possession, custody, or control."[57]

Defendants, however, fail entirely to even mention this objection to Document Request No. 8 in their response brief.  Instead, Defendants argue that Plaintiff "lumped" all its concerns regarding the documents requests together and made general arguments concerning the document requests. Defendants therefore argue that they have been "deprived of any meaningful opportunity to respond" and conclude that the Court should simply deny Plaintiff's Motion with respect to the document requests.[58]  Although the Court agrees with Defendants to a certain extent and, indeed, has already ruled that the discovery disputes concerning several of the document requests were not properly raised in the Motion, the Court finds that Plaintiff did specifically identify Document Request No.

[55] Pl.'s First Set of Requests for Produc. to Defs. Rodriguez and Alarcon, attached as Ex. H to Pl.'s Renewed Mot. to Complete Disc. Resps. (doc. 111).

[56] Pl.'s First Set of Requests for Produc. to Def. Laura Rodriguez, attached as Ex. A to Pl.'s Renewed Mot. to Complete Disc. Resps. (doc. 111); Pl.'s First Set of Requests for Produc. to Def. Minerva Alarcon, attached as Ex. A to Pl.'s Renewed Mot. to Complete Disc. Resps. (doc. 111).

[57] Pl.'s Renewed Mot. to Compel Complete Disc. Resps. (doc. 111) at 3 n.3.

[58] Mem. in Opp'n to Pl.'s Mot. to Compel Disc. Resps. (doc. 114) at 6-7.

8 in the Motion and stated its concerns with Defendants' objection in the Motion. The Court will therefore consider Plaintiff's Motion to compel Defendants to respond to Document Request No. 8.

Defendants' responses and objections to Document Request No. 8 do not clearly explain whether Defendants have already produced the requested documents and, thus, the documents are in Plaintiff's possession, or whether Defendants object to producing the documents because they are available from another source and thus should now be in Plaintiff's possession. If the former is true and Defendants have already produced the requested documents, then Defendants shall supplement their responses to Document Request No. 8 and identify by bates number the responsive documents.

However, if the latter is the case and Defendants are refusing under Fed. R. Civ. P. 26(b)(3)(C) to produce the requested documents because they are available from other sources, the Court concludes that in failing to mention the objection in their response brief, Defendants have abandoned this objection.[59] Furthermore, assuming *arguendo* that Defendants have not abandoned the objection, Defendants have failed to establish that the requested documents are indeed obtainable "from some other source that is more convenient, less burdensome or less expensive."[60] The Court therefore overrules this objection and orders Defendants to fully and completely respond to Document Request No. 8 without objection.

---

[59] When ruling on a motion to compel, the Court will consider only those objections that have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan.2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan.2005). Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[60] Fed. R. Civ. P. 26(b)(3)(C)(i).

**E.      Waiver of Privileges for Interrogatory No. 17 and Document Request Nos. 3, 6, and 10.**

In addition to Interrogatory Nos. 8 and 12 (discussed in Section B above), Plaintiff argues that Defendants waived any privilege applicable to Interrogatory No. 17 and Document Request Nos. 3, 6, and 10.  In support of this argument, Plaintiff points out that Defendants have not provided a privilege log and have failed to establish that this interrogatory and these document requests are protected by any privilege.  As discussed above, Defendants make no mention of a privilege log in their response to Plaintiff's Motion.  In addition, Defendants do not discuss their privilege objections to this interrogatory and these document requests in their response brief.

Because Defendants had ample opportunity to provide a privilege log and have failed to do so, the Court finds that Defendants have waived any privilege applicable to Interrogatory No. 17 and Document Request Nos. 3, 6, and 10.  Moreover, in failing to raise the privilege objection to Interrogatory No. 17 and Document Request Nos. 3, 6, and 10 in their response brief, the Court also finds that Defendants abandoned this objection.[61]  The Court therefore orders Defendants to fully answer Interrogatory No. 17 and to fully respond to Document Request Nos. 3, 6, and 10 without objection based on privilege.

**F.      Interrogatory No. 18**

Finally, Plaintiff seeks an order compelling Defendants to fully answer to Interrogatory No. 18.  Interrogatory No. 18 states, "Identify all vehicle accidents, criminal conduct, arrests, criminal charges, violent acts, or gang affiliations involving Vidal A. Salazar-Castro, including but not limited to all altercations, arguments, fights, or disagreements with any persons or groups of people

---

[61] *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

who were present at La Cascada on April 7 or 8, 2007."[62]  Defendants did not object to Interrogatory

No. 18.  In fact, Defendants did not answer Interrogatory No. 18.  Apparently, Defendants did not

realize that Interrogatory No. 18 existed because although Interrogatory No. 18 was included among

the interrogatories served on Defendants, it was not included in the complimentary electronic copy

of interrogatories exchanged between counsel for the parties.

Regardless of the reasons why Defendants have not answered Interrogatory No. 18, the Court

finds that Defendants have been served with Interrogatory No. 18 and are certainly now aware of

Interrogatory No. 18.  The Court therefore orders Defendants to fully respond to Interrogatory No.

18.

## III.    EXPENSES

Under Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel is granted in part and denied in part,

as is the case here, then the court may "apportion the reasonable expenses for the motion."[63]  The

Court has reviewed the relevant pleadings and concludes that it is appropriate in this case to require

the parties to bear their own expenses incurred in connection with the Motion.

## IV.    CONCLUSION

---

[62] Pl.'s First Set of Interrogs. to Defs. Rodriguez and Alarcon, attached as Ex. H. to Pl.'s
Renewed Mot. to Compel Complete Disc. Resps. (doc. 111).

[63] Fed. R. Civ. P. 37(a)(5)(C).

For the foregoing reasons, Plaintiff's Renewed Motion to Compel Complete Discovery Responses (doc. 111) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Compel Complete Discovery Responses (doc. 111) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants shall fully and completely answer Interrogatory Nos. 8 and 12, without objection, **within 20 days** of the date of the entry of this Order.

**IT IS FURTHER ORDERED** that Defendants shall answer the portion of Interrogatory No. 13 seeking the identity of their health care providers after the Crash **within 20 days** of the date of the entry of this Order. Defendants shall not provide identical answers to Interrogatory No. 13 unless, of course, they in fact have had the same exact health care providers since the Crash.

**IT IS FURTHER ORDERED** that Defendants shall fully and completely respond to Document Request No. 8, without objection, **within 20 days** of the date of the entry of this Order. Such production shall take place at the offices of Plaintiff's counsel or at another location agreed to by the parties.

**IT IS FURTHER ORDERED** that Defendants shall fully respond to Document Request Nos. 3, 6, and 10 and fully answer Interrogatory No. 17 without objection based on privilege **within 20 days** of the date of the entry of this Order. With respect to the production of documents, such production shall take place at the offices of Plaintiff's counsel or at another location agreed to by the parties.

**IT IS FURTHER ORDERED** that Defendants shall fully answer Interrogatory No. 18 **within 20 days** of the date of the entry of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses incurred in connection with the Motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 19th day of July 2010.

<u>s/David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties.