IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLSTATE PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> VIDAL A. SALAZAR-CASTRO, ) <br> ARTURO CISNEROS, ) <br> LAURA RODRIGUEZ, and ) <br> MINERVA ALARCON, ) <br> ) <br> **Defendants.** ) | CIVIL ACTION <br><br> Case No. 08-2110-CM-DJW |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Protective Order (doc. 123) filed by Defendants Laura Rodriguez and Minerva Alarcon (collectively, "Defendants"). The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, an insurance company, brought this declaratory judgment action seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy (the "Policy").[1] Plaintiff claims that the Policy contains the following exclusion (the "Exclusion"):

> Exclusions - What is not covered
> Allstate will not pay for any damages an insured person is legally obligated to pay because of: . . . bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.[2]

---

[1] Compl. for Declaratory J. (doc. 1).

[2] *Id.* at ¶11.

This case arises from a motor vehicle crash that took place on or about April 7, 2007. According to Plaintiff, Defendant Salazar-Castro, an insured person under the Policy, operated a vehicle insured under the Policy on or about April 7, 2007, when the vehicle left the road and collided with a bridge pillar (the "Crash"). Plaintiff alleges that Defendants Rodriguez and Alarcon were passengers in the vehicle operated by Defendant Salazar-Castro at the time of the Crash, and that Defendant Salazar-Castro's "intentional or criminal acts" caused the Crash. Plaintiff further alleges that the injuries Defendants claim to have sustained in connection with the Crash "consist of bodily injury that might reasonably be expected to result from the intentional or criminal acts" of Defendant Salazar-Castro. Thus, Plaintiff seeks, *inter alia*, a declaratory judgment from the Court "[t]hat the Exclusion precludes liability coverage for [Defendants] under the Policy for injuries sustained by said Defendants, or either of them, in connection with the Crash."[3]

While this case was pending, there was also a state court tort action in Wyandotte County District Court, and a criminal action against Defendant Salazar-Castro in Wyandotte County District Court. Both Defendants have now testified three times under oath concerning the Crash: (1) during the preliminary hearing on criminal charges brought against Defendant Salazar-Castro, (2) during a deposition in the Wyandotte County case, and (3) at trial of that case. Defendants argue that they previously testified that they do not recall the details of the Crash and that they do not know what caused the Crash.

Plaintiff now seeks to depose Defendants to discuss coverage issues and the bases for their position on coverage. Defendants argue that the only issue relevant to coverage is whether the Exclusion applies and, therefore, the only facts to discuss with Defendants are those concerning the

---

[3] *Id.* at Prayer for Relief, ¶ 1 C.

Crash itself. Because Defendants have already testified under oath on three different occasions that they cannot recall the Crash, Defendants ask the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) to either prohibit their depositions or to limit the scope and duration of their depositions.

Having reviewed the relevant pleadings, it appears to the Court that Defendants' counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas. The Court will therefore consider the Motion on its merits.

## II.   DISCUSSION

Defendants argue that good cause exists under Fed. R. Civ. P. 26(c) to enter a protective order either prohibiting their depositions or limiting the scope and duration of the depositions. In support of this argument, Defendants point out that they have already testified under oath on three different occasions in other cases concerning the Crash, and that they have consistently testified that they do not recall the details of the Crash itself. Defendant Rodriguez claims that she has been diagnosed with a moderate brain dysfunction, and that she has testified that she recalls going to the club, getting into a fight, and leaving the club, but she does not recall the Crash. She further claims that she does not know what caused the Crash. Defendant Alarcon claims that she suffers from post-traumatic amnesia, and that she has testified that she recalls going to a club, getting into a fight, and then does not recall driving away from the club or even getting into the car.

Defendants contend that because they have already testified under oath about the few details of the Crash that they can recall, there is no need for Plaintiff to take their depositions. Defendants

argue that the only issue in this case is whether the Exclusion in the Policy eliminates coverage and thus that the only fact issue is whether Defendant Salazar-Castro acted intentionally. Defendants therefore essentially argue that because they have no knowledge of whether Defendant Salazar-Castro acted intentionally (because they cannot recall the Crash) that a they should not be deposed. Defendants claim that the only purpose of deposing them is to harass them and thus the Court should enter a protective order.

Plaintiff, on the other hand, argues that it needs to depose Defendants on far more than just the details of the Crash. Plaintiff claims that it needs to depose Defendants on several coverage issues, including (1) what category of insurance coverage was allegedly triggered by the Crash, (2) how much Defendants contend is owed, (3) the injuries for which Defendants contend they are entitled to payment from Plaintiff, and relationship of the injuries to the specific actions of Defendant Salazar-Castro, (4) when Plaintiff should have paid the amount claimed, (5) to whom Plaintiff allegedly should have paid the amount claimed, and (6) why Defendants contend there is coverage for their claims. Plaintiff further argues that it is necessary to depose Defendants to develop facts that are relevant to the two-part test in *Thomas v. Benchmark Ins. Co.*, 179 P.3d 421 (Kan. 2008), which Plaintiff claims governs the application of Plaintiff's Exclusion. Plaintiff claims that it is certainly entitled to depose the parties in this case even though they may have testified on previous occasions in other actions concerning the Crash.

The Court has considered the parties' respective arguments and concludes that rather than Fed. R. Civ. P. 26(c), the rule that is applicable in this situation is Fed. R. Civ. P. 26(b). Under Fed. R. Civ. P. 26(b)(2)(C), the Court on a motion *or on its own*

> must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[4]

The Court concludes it must exercise its discretion under Fed. R. Civ. P. 26(b) and limit the extent of the discovery allowed by the Federal Rules of Civil Procedure, specifically that it must limit the scope of Defendants' depositions.

In reaching this conclusion, the Court points the parties to its earlier conclusions and findings made in connection with ruling on Plaintiff's Renewed Motion to Compel Complete Discovery Responses (doc. 111).[5] In that motion to compel, Plaintiff argued, as it does again in here, that it must conduct discovery on coverage issues, including (1) what category of insurance coverage was allegedly triggered by the Crash, (2) how much Defendants contend is owed, (3) the injuries for which Defendants contend they are entitled to payment from Plaintiff, and relationship of the injuries to the specific actions of Defendant Salazar-Castro, (4) when Plaintiff should have paid the amount claimed, (5) to whom Plaintiff allegedly should have paid the amount claimed, and (6) why Defendants contend there is coverage for their claims. The Court denied in part Plaintiff's motion to compel, concluding that this information was not relevant to the claims or defenses in this case.

The Court does not find Plaintiff's arguments concerning the "coverage issues" any more convincing now than it did when ruling on Plaintiff's earlier motion to compel. The discovery

---

[4] Fed. R. Civ. P. 26(b)(2)(C).

[5] *See* Mem. & Order (doc. 153).

concerning these "coverage issues" is not relevant. Plaintiff brought this declaratory judgment action seeking, *inter alia*, declarations from this Court that (a) Plaintiff has no obligation under the Policy to pay for any damages Defendant Salazar-Castro may be legally obligated to pay because of bodily injury to Defendants arising from the Crash and that (b) Plaintiff has no obligation under the Policy to pay Uninsured/Underinsured Motorist benefits to Defendants arising from the Crash. Defendants are not seeking damages or otherwise making any monetary claims in this action. Rather, this action was brought by Plaintiff seeking a declaration and clarification of the rights and responsibilities of Plaintiff and Defendants in this case. Thus, the Court fails to see how the coverage issues identified by Plaintiff, namely (1) what category of insurance coverage was allegedly triggered by the Crash, (2) how much Defendants contend is owed, (3) the injuries for which Defendants contend they are entitled to payment from Plaintiff, and relationship of the injuries to the specific actions of Defendant Salazar-Castro, (4) when Plaintiff should have paid the amount claimed, (5) to whom Plaintiff allegedly should have paid the amount claimed, and (6) why Defendants contend there is coverage for their claims, are related to any of the claims or defenses in this case.

In sum, the Court concludes that the benefit of the discovery concerning the coverage issues identified by Plaintiff is minimal at best and, therefore, that any benefit of the discovery is outweighed by the burden of the discovery considering the little importance of the discovery in resolving the issues in this case.

However, Plaintiff makes a second argument as to why it should be able to depose Defendants, which the Court finds persuasive. Plaintiff argues that it is necessary to depose Defendants to develop facts that are relevant to the two-part test in *Thomas v. Benchmark Ins. Co.*,

179 P.3d 421 (Kan. 2008), which Plaintiff claims governs the application of Plaintiff's Exclusion. Plaintiff made this same argument in connection with its earlier motion to compel, which the Court concluded did not support Plaintiff's request for information concerning Defendants' damages and the allegedly owed insurance payments. However, the Court finds the argument persuasive in connection with Plaintiff's desire to depose Defendants and discuss the details of the Crash. The *Thomas* court concluded that the insurance company satisfied its burden to demonstrate that the intentional acts exclusion applied. In reaching this conclusion, the *Thomas* court looked to the *specific facts* of the case, namely that the insured driver was "driving the wrong way against traffic, failing to stop at a stop sign, and driving at 100 m.p.h. through neighborhoods."[6] The *Thomas* court concluded that "injury was substantially certain to result under these circumstances."[7] The Court concludes that Plaintiff is entitled to depose Defendants in order to ask questions geared toward developing the facts and circumstances behind the Crash itself to determine whether the injury suffered was substantially certain to result.

Although Defendants argue that they have already testified on several occasions about the details of the Crash, Plaintiff is certainly entitled to depose Defendants itself regarding the Crash. Defendants are parties to this action, they have not yet been deposed by Plaintiff, and they have been identified by Defendants as individuals with knowledge concerning this case.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 26(b), the Court will allow Plaintiff to depose Defendants, but such

---

[6] *Thomas*, 285 Kan. at 935.

[7] *Id.*

depositions shall be limited to the facts concerning the Crash itself in an effort to determine whether the Exclusion applies. The parties are urged to cooperate in an effort to complete these limited depositions in a manner to "secure the just, speedy and inexpensive determination" of the case as Fed. R. Civ. P. 1 requires.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (doc. 123) is granted in part and denied in part.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 18th day of August 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties.