IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLSTATE PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2110-CM-DJW |
| VIDAL A. SALAZAR-CASTRO, ) | |
| ARTURO CISNEROS, ) | |
| LAURA RODRIGUEZ, and ) | |
| MINERVA ALARCON, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's sealed Motion for Protective Order Regarding the Scope of Deposition Discovery (doc. 127). The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

Plaintiff, an insurance company, brought this declaratory judgment action seeking a declaration of Plaintiff's obligations and rights under a certain automobile insurance policy (the "Policy").[1] Plaintiff claims that the Policy contains the following exclusion (the "Exclusion"):

> Exclusions - What is not covered
> Allstate will not pay for any damages an insured person is legally obligated to pay because of: . . . bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.[2]

---

[1] Compl. for Declaratory J. (doc. 1).

[2] *Id.* at ¶11.

This case arises from a motor vehicle crash that took place on or about April 7, 2007. According to Plaintiff, Defendant Salazar-Castro, an insured person under the Policy, operated a vehicle insured under the Policy on or about April 7, 2007, when the vehicle left the road and collided with a bridge pillar (the "Crash"). Plaintiff alleges that Defendants Laura Rodriguez and Minerva Alarcon (collectively "Defendants") were passengers in the vehicle operated by Defendant Salazar-Castro at the time of the Crash, and that Defendant Salazar-Castro's "intentional or criminal acts" caused the Crash. Plaintiff further alleges that the injuries Defendants claim to have sustained in connection with the Crash "consist of bodily injury that might reasonably be expected to result from the intentional or criminal acts" of Defendant Salazar-Castro. Thus, Plaintiff seeks, *inter alia*, a declaratory judgment from the Court "[t]hat the Exclusion precludes liability coverage for [Defendants] under the Policy for injuries sustained by said Defendants, or either of them, in connection with the Crash."[3]

Defendants have conducted a Rule 30(b)(6) deposition of Plaintiff and have also deposed Plaintiff's coverage claims adjustor, Tressa Sargent. Defendants now seek to conduct a second Rule 30(b)(6) deposition of Plaintiff. Defendants also seek to depose Tressa Sargent on the grounds that they never completed the deposition of Ms. Sargent. Plaintiff asks this Court to enter a protective order under Fed. R. Civ. P. 26(c) prohibiting Defendants from "re-deposing" Plaintiff and Ms. Sargent.

Having reviewed the relevant pleadings, it appears to the Court that Plaintiff's counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas. The Court

---

[3] *Id.* at Prayer for Relief, ¶ 1 C.

will therefore consider the Motion on its merits.

## II. DISCUSSION

Plaintiff asks the Court to enter a protective order under Fed. R. Civ. P. 26(c), providing that (1) Defendants are prohibited from taking another Rule 30(b)(6) deposition of Plaintiff, (2) Defendants are prohibited from taking another deposition of Tressa Sargent, (3) Defendants' deposition of Cheri Fultz must be limited to questions concerning allegations of negligence arising from the Crash, and (4) Defendants are prohibited from taking the deposition of Lisa Miller. As an initial matter, the Court notes that item Nos. 3 and 4 are not contested. Defendants agree to limit the deposition of Cheri Fultz to questions concerning allegations of negligence arising from the Crash.[4] Defendants further agree that they do not need to depose Lisa Miller so long as Plaintiff agrees that it will not call Lisa Miller at trial in this case or rely upon any affidavit or other testimony or statement of Lisa Miller in this action.[5] Plaintiff agrees that Lisa Miller will not be called to testify at trial in this case or rely upon any affidavit or other testimony or statement of Lisa Miller in this action.[6] Thus, the Court will grant Plaintiff's requests concerning Cheri Fultz and Lisa Miller as unopposed.

The Court will examine the remaining issues in turn.

---

[4] Def. Rodriguez and Alarcon's Mem. in Opp'n to Allstate's Mot. for Protective Order (doc. 128) at 4.

[5] *Id.*

[6] Pl.'s Reply in Supp. of Mot. for Protective Order Regarding the Scope of Dep. Disc. (doc. 133) at 2.

### A. Rule 30(b)(6) Deposition of Plaintiff

Plaintiff argues that good cause exists to enter a protective order under Fed. R. Civ. P. 26(c) prohibiting Defendants from deposing Plaintiff a second time. In support of its argument, Plaintiff points out that Defendants conducted the Rule 30(b)(6) deposition of Plaintiff for a period of two-days on five topics. Plaintiff claims that it answered all of Defendants' questions posed during its deposition and that the deposition was completed. Plaintiff relies on Fed. R. Civ. P. 30(a)(2)(A)(ii) in support of its argument that it should not be subjected to a second deposition. Under Fed. R. Civ. P. 30(a)(2)(A), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."[7]

Defendants do not deny that its first deposition of Plaintiff was completed and that Plaintiff answered all of the questions posed during that deposition. Instead, Defendants argue that there has been a change in circumstances which permits Defendants to take a second deposition of Plaintiff on new issues, specifically, whether any liability coverage is available under the changed circumstances, or whether Plaintiff maintains there is no coverage left. Defendants do not seek leave to conduct this second deposition of Plaintiff, but rather simply state in a conclusory manner that there is no limit on how many Rule 30(b)(6) depositions may be taken by a party.

Defendants are mistaken. This Court has previously held,

> [L]eave of court *is required* before a party may take a second Rule 30(b)(6) deposition of a corporation or other entity. This conclusion is based on the plain meaning of Rule 30(a)(2)(A)(ii). It expressly provides that "[a] party must obtain

---

[7] Fed. R. Civ. P. 30(a)(2)(A).

leave of court . . . if the parties have not stipulated to the deposition . . . and the deponent has already been deposed in the case."[8]

Defendants acknowledge that they have already deposed Plaintiff and they have not sought leave of Court pursuant to Fed. R. Civ. P. 30(a)(2)(A) to conduct a second Rule 30(b)(6) deposition of Plaintiff. The Court will therefore grant Plaintiff's motion for a protective order and prohibit a second deposition at this time. However, Defendants may seek leave to conduct a second Rule 30(b)(6) deposition of Plaintiff within 14 days of the date of the filing of this Order.

**B.  Deposition of Tressa Sargent**

Plaintiff argues that good cause under Fed. R. Civ. P. 26(c) exists to enter a protective order prohibiting Defendants from taking Tressa Sargent's deposition a second time. Plaintiff again relies on Fed. R. Civ. P. 30(a)(2)(A) for its argument that Defendants must first seek leave of Court to conduct a second deposition of Ms. Sargent.

Defendants do not address Plaintiff's argument concerning Fed. R. Civ. P. 30(a)(2)(A) and do not seek leave to conduct a second deposition of Ms. Sargent. Rather, Defendants maintain that the first deposition of Ms. Sargent was never completed, but rather was adjourned to be reconvened

---

[8] *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, Civ. A. No. 07-2388-DJW, 2008 WL 3895474, at *3 (D. Kan. Aug. 21, 2008) (emphasis in original). The Court's conclusion in *Foreclosure Management* was in agreement with several other cases addressing the issue of whether leave is required to conduct a second Rule 30(b)(6) deposition. *See Tingley Sys., Inc. v. Healthlink, Inc.*, No. 8:05-CV-1936-T-27MAP, 2007 WL 1365341(M.D.Fla. May 9, 2007) (recognizing Rule 30's requirement that leave of court be obtained to proceed with second Rule 30(b)(6) deposition); *In re Sulfuric Acid Antitrust Litig.*, No. 03-C-4576, 2005 WL 1994105, at *2 (N.D.Ill. Aug.19, 2005) ("The defendants here issued their second rule 30(b)(6) subpoenas without leave of the court, despite the unambiguous requirement of Rule 30(a)(2)(B). The notices and subpoenas are thus invalid."); *see also Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y.2002) (denying motion seeking leave to take second Rule 30(b)(6) deposition of corporate party).

5

at a later date. Defendants point out that the deposition lasted approximately 3 hours and was then adjourned because the tape had run out, Plaintiff's counsel had to catch a plan, and it was after 5:00 p.m. Defendants argue that they are entitled to finish their deposition of Ms. Sargent.

Plaintiff points out that the deposition of Ms. Sargent only lasted 3 hours because the deposition started 50 minutes late, despite the fact that Ms. Sargent was ready to proceed on time. Plaintiff further points out that Defendants chose to notice Ms. Sargent's deposition for 1:00 p.m. on the date that it occurred, thereby indicating that they only needed a half-day deposition of Ms. Sargent. In addition, Plaintiff contends that the deposition of Ms. Sargent was completed and therefore that Defendants are not entitled to a second deposition.

The Court has reviewed the portion of the deposition transcript provided by the parties and notes that the deposition does conclude with a line inserted by the court reporter which states, "The deposition was adjourned to be reconvened at a later date." However, the Court cannot find and Defendants have not pointed to anything on the record or elsewhere where counsel for the parties agreed that the deposition of Ms. Sargent would be continued at a later date. Moreover, the Court notes that Defendants noticed up Ms. Sargent's deposition to begin at 1:00 p.m. and then started the deposition nearly an hour late. The Court concludes that Defendants have no one to blame but themselves for not finishing the first deposition of Ms. Sargent. The Court further concludes that Defendants have already taken Ms. Sargent's deposition and therefore must seek leave of Court to conduct a second deposition of Ms. Sargent pursuant to Fed. R. Civ. P. 30(a)(2)(A).

The Court will therefore grant Plaintiff's motion for a protective order prohibiting Defendants from deposing Ms. Sargent for a second time. However, the Court will allow Defendants to seek leave to depose Ms. Sargent a second time. Defendants' motion seeking leave

to depose Ms. Sargent must be filed within 14 days of the date of the filing of this Order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted. However, Defendants shall have until 14 days after the date of the filing of this Order to seek leave to conduct a second deposition of Plaintiff and of Ms. Sargent.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order Regarding the Scope of Deposition Discovery (doc. 127) is granted.

**IT IS FURTHER ORDERED** that Defendants shall have until **14 days** after the date of the filing of this Order to seek leave to conduct a second deposition of Plaintiff and of Tressa Sargent.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 18th day of August 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties.