# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) ) CIVIL ACTION |
| v. | ) ) Case No. 08-2110-CM |
| **VIDAL A. SALAZAR-CASTRO, ARTURO CISNEROS, LAURA RODRIGUEZ, and MINERVA ALARCON,** | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM AND ORDER

Plaintiff Allstate Property and Casualty Insurance Company ("plaintiff" or "Allstate") brings this declaratory action, asking the court to enter declaratory judgment regarding insurance coverage issues arising out of a car accident. Defendants Laura Rodriguez and Minerva Alarcon brought suit in state court against defendant Vidal A. Salazar-Castro and his parents, alleging that defendant and his parents were at fault in the car accident that resulted in their injuries. The court stayed this case pending the outcome of the related state court action, but lifted the stay on February 24, 2010. The state court action is now resolved. Rodriguez and Alarcon settled the negligent entrustment claims with Salazar-Castro's parents for the policy limits of $100,000 each. Rodriguez and Alarcon entered into a *Glenn v. Fleming*[1] settlement agreement with Salazar-Castro not to execute on any judgment entered against him in exchange for Salazar-Castro's breach of contract rights against Allstate. The instant case is now before the court on Plaintiff Allstate Property and Casualty Insurance Company's Motion for Summary Judgment or, In the Alternative, Partial Summary Judgment, and

---

[1] 799 P.2d 79 (Kan. 1990).

Memorandum in Support (Doc. 202).

Plaintiff moves for summary judgment on three issues: (1) whether defendants are entitled to underinsured or uninsured motorist benefits; (2) whether plaintiff waived its rights under the policy's intentional and criminal acts exclusion; and (3) whether the policy's intentional and criminal acts exclusion bars liability coverage for the crash. In response, defendants conceded that they are not entitled to underinsured or uninsured motorist benefits, leaving two issues remain for the court to resolve.

## **Waiver of Rights**

Defendants have raised the affirmative defense of waiver. They claim that plaintiff has waived the right to apply the intentional and criminal acts exclusion because plaintiff did not assert the exclusion in the case for negligent entrustment against defendant Salazar-Castro's parents. According to defendants, "[Plaintiff] cannot assert a right in one case, and waive it in another." (Doc. 205, at 19.) Defendants claim that because plaintiff paid policy limits for the negligent entrustment claim, plaintiff recognizes that negligent acts—not intentional acts—caused the harm. And defendants contend that an essential element in a negligent entrustment claim is an underlying negligent action. *See* PIK 121.92.

Defendants' arguments fail, and plaintiff is entitled to summary judgment on this issue for at least two reasons. First, waiver must be voluntary; it is "the intentional relinquishment of a known right." *Lyons ex rel. Lawing v. Holder*, 163 P.3d 343, 349 (Kan. Ct. App. 2007). Defendants have not offered any evidence suggesting that by paying defendant Salazar-Castro's parents, plaintiff intended to waive its right to claim that the intentional and criminal acts exclusion barred other claims. Plaintiff's actions indicate the contrary: at the time plaintiff paid on the negligent

entrustment claim, it had already filed the declaratory judgment action seeking a declaration that the exclusion applied. There is no evidence or indication that plaintiff voluntarily and intentionally relinquished the right to assert that the exclusion bars coverage for Salazar-Castro's actions.

Second, Kansas law recognizes negligent entrustment claims that are based on underlying intentional conduct—not merely negligent conduct. *See, e.g., Shirley v. Glass*, 241 P.3d 134, 140–43, 148–49 (Kan. Ct. App. 2010) (ruling that a negligent entrustment claim could proceed against a gun shop for selling a gun when there was an issue of fact over whether it should have anticipated that the end user—a convicted felon—would use it for an intentional act resulting in serious harm to another). The negligent entrustment claim was against different defendants, and its merits depended on <u>their</u> conduct. The conduct at issue in a negligent entrustment claim is the conduct of the entruster, not the entrustee. *See Upland Mut. Ins., Inc. v. Noel*, 519 P.2d 737, 742 (Kan. 1974) ("[T]he rationale of the 'negligent entrustment' cases is not founded upon the negligence of the driver of the automobile but upon the primary neligence of the entruster in supplying the chattel, an automobile, to an incompetent and reckless driver."). Plaintiff's actions with respect to the negligent entrustment claim in no way waive plaintiff's rights to claim that defendant Salazar-Castro acted intentionally in this case. The court grants summary judgment for plaintiff on defendants' affirmative defense of waiver.

## **Liability Coverage**

Plaintiff asks the court to declare that, as a matter of law, the policy's intentional and criminal acts exclusion bars liability coverage. Plaintiff recognizes that defendant Salazar-Castro denies that he acted intentionally in causing the accident. But plaintiff asks the court to disregard defendant Salazar-Castro's testimony because it is an attempt to create a sham issue of fact. In support, plaintiff cites its own uncontroverted expert testimony and defendant Salazar-Castro's

-3-

deposition testimony that "of course" he would "lie" to avoid responsibility.

Testimony about the car accident leading to this case exemplifies a classic he-said, she-said dispute. Defendant Salazar-Castro says the other car hit him from behind. The occupants of the other car say that defendant Salazar-Castro intentionally rear-ended them in retaliation for a fight earlier in the night. Each side blames the other for initiating contact. The only way plaintiff can be entitled to summary judgment is if the court ignores defendants' evidence and finds plaintiff's expert fully credible. To do either of these things would be improper for the court to do. The court is familiar with cases discussing sham issues of fact. But they differ from the case before the court. Here, other evidence may corroborate defendant Salazar-Castro's version of the story. It is up to the jury to decide whether it is credible.

The court denies summary judgment on the issue of whether the intentional and criminal acts exclusion bars liability coverage.

**IT IS THEREFORE ORDERED** that Plaintiff Allstate Property and Casualty Insurance Company's Motion for Summary Judgment or, In the Alternative, Partial Summary Judgment, and Memorandum in Support (Doc. 202) is granted in part and denied in part.

Dated this 3rd day of May 2011, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**